**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**Vincent Paul POMBO, Appellee.**

Superior Court of Pennsylvania.

Submitted July 5, 2011.

Filed Aug. 8, 2011.

Sarah A. Lavelle, Assistant District Attorney, Milford, for Commonwealth, appellant.

Michael E. Weinstein, Milford, for appellee.

BEFORE: SHOGAN, LAZARUS, and PLATT *, JJ.

OPINION BY PLATT, J.:

The Commonwealth appeals from the judgment of sentence imposed on Appellee, Vincent Paul Pombo, after conviction of driving under the influence (DUI) and related charges. Specifically, the Commonwealth challenges the legality of the sentence for DUI, as less than the mandatory minimum. We vacate the judgment of sentence and remand for resentencing.

The facts of the case are not in dispute. On July 14, 2010, a jury convicted Appellee of possession of a small amount of marijuana, possession of drug paraphernalia, and driving under the influence of a controlled substance. On the same day the trial court also found Appellee guilty of driving while operating privilege is suspended-DUI related.

At sentencing the Commonwealth presented Appellee's certified driving record, which included a 2007 conviction by guilty plea in New York for driving while ability impaired (DWAI), and a 2008 guilty plea to driving while intoxicated, also in New York. The Commonwealth argued that both prior New York convictions should be considered, so that Appellee would be sentenced to a mandatory minimum sentence of one year, applicable to a third offense DUI, rather than the ninety day minimum sentence applicable to a second offense DUI. The trial court rejected the Commonwealth's argument, considered the 2008 conviction only, and on the count at issue (Count 3) imposed a sentence of not less than ninety days' incarceration nor more than five years' incarceration. (*See* N.T. Sentencing, 10/28/10, at 22).

 The Commonwealth timely appealed and timely filed a Rule 1925(b) statement of errors. It raises one question for our review on appeal:

Whether the sentencing court committed an error of law in failing to consider a conviction pursuant to the New York statute defining driving while ability im-

* Retired Senior Judge assigned to the Superior Court.

paired by alcohol a prior offense for imposing a minimum mandatory sentence[ ] prescribed by 75 Pa.C.S.A. § 3804?

(Commonwealth's Brief, at 6).

A claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence. . . . If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. . . . When we address the legality of a sentence, our standard of review is plenary and is limited to determining whether the trial court erred as a matter of law.

*Commonwealth v. Bowers,* 25 A.3d 349, 352 (Pa.Super.2011) (citations and internal quotation marks omitted).

■ The pertinent section of the vehicle code defines "prior offense" to include:

(a) **General rule.**—Except as set forth in subsection (b) [excluding convictions ten years before the present violation], the term "prior offense" as used in this chapter shall mean a conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:

(1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);

(2) an offense under former section 3731;

(3) **an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction;** or

(4) any combination of the offenses set forth in paragraph (1), (2) or (3).

75 Pa.C.S.A. § 3806(a) (emphasis added).

"The basic tenet of statutory construction requires a court to construe the words of the statute according to their plain meaning." *Grom v. Burgoon,* 448 Pa.Super. 616, 672 A.2d 823, 825 (1996). "Words and phrases shall be construed according to rules of grammar and according to their common and approved usage[.]" 1 Pa.C.S.A. § 1903. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b).

*R.M. v. J.S.,* 20 A.3d 496, 505 (Pa.Super.2011).

■ In this appeal, the Commonwealth maintains that in the DUI law enacted in Pennsylvania in 2004, the term "prior offense" was redefined to include an offense which is "substantially similar" rather than an "equivalent" offense. (*See* Commonwealth's Brief, at 10). The Commonwealth further argues that our Supreme Court recognized the substantial similarity of New York's DWAI statute to Pennsylvania's DUI statute in *Wroblewski v. Commonwealth,* 570 Pa. 249, 809 A.2d 247, 248 (2002). (*See* Commonwealth's Brief, at 13–16).

*Wroblewski* addressed the validity of a driver's license suspension in Pennsylvania under the Driver's License Compact, 75 Pa.C.S.A. §§ 1581–1585, for a DWAI offense in New York. In *Wroblewski,* our Supreme Court determined that, pursuant to 75 Pa.C.S.A. § 1586, the Department of Transportation properly revoked the appellant's driver's license, holding specifically that under section 1586, a New York DWAI conviction was substantially similar to a Pennsylvania DUI conviction, even though the New York DWAI statute permitted conviction for a lower level of impairment than the Pennsylvania DUI statute. *See Wroblewski, supra* at 251.

The sentencing court rejected the Commonwealth's arguments. (*See* Trial Court Opinion, 1/14/11, at 4). The court reasoned that it properly disregarded the 2007 New York DWAI conviction under *Commonwealth v. Shaw*, 560 Pa. 296, 744 A.2d 739, 745 (2000). (*See* Trial Ct. Op., at 2). *Shaw* concluded that New York's DWAI statute was not "equivalent" to the Pennsylvania DUI statute in force at the time, 75 Pa.C.S.A. § 3731(a)(1), for purposes of determining whether the appellee was a two-time repeat offender. In its opinion, the trial court acknowledged *Wroblewski*, but sought to distinguish it as confined to license suspension procedures. (*See* Trial Ct. Op., at 5). It reasoned that since the case on appeal involved incarceration rather than license suspension, section 3806 must be considered a criminal statute, and strictly construed. (*Id.* at 5–6).

Strictly construing section 3806, the trial court discerned "no meaningful indication that the legislature intended to nullify *Shaw* or to compel a new interpretation." (*Id.* at 5). The trial court conceded that in section 3806 the Legislature adopted the term "substantially similar." (*Id.* at 6). Nevertheless, it concluded that neither *Wroblewski* nor section 3806 overrode *Shaw*, and the holding of *Shaw* continued to apply to this case. (*Id.* at 7). We are constrained to disagree.

Preliminarily, we note that section 3806 functions as a definitional section, which by its express scope applies to the entire chapter on driving after imbibing alcohol or utilizing drugs. *See* 75 Pa.C.S.A. § 3806(a): ("[T]he term 'prior offense' **as used in this chapter** [Chapter 38] shall mean a conviction, adjudication of delinquency, [etc.]"). (emphasis added). Accordingly, the sentencing court's emphasis on 75 Pa.C.S.A. § 1586, providing procedures for imposing suspension or revocation, and its related reliance on license and suspension cases as an implicit or *sub silentio* limitation on the scope of section 3806's definition of prior offenses, is misplaced. (*See* Trial Ct. Op., at 3–4).

Similarly, the trial court asserts that "neither *Wroblewski* nor any subsequent case holding that New York's DWAI statute and Pennsylvania's DUI law are 'substantially similar' to one another includes so much as a mention of Section 3806." (*Id.* at 5) The court offers no other caselaw in support or proof of its broad assertion.

In any event, we take guidance from our Supreme Court's recent discussion in *Commonwealth v. Northrip*, 603 Pa. 544, 985 A.2d 734 (2009), which, while applying the *Shaw* test for equivalence in another context, nevertheless recognized that the statutory scheme for comparing impairment offenses in other jurisdictions to Pennsylvania DUI had been substantially revised:

Section 3731 was repealed in 2004. In its place, the Legislature enacted a DUI statutory framework that, like its predecessor Section 3731, provides for enhanced sentences for convictions that follow a first DUI offense. *See* 75 Pa. C.S.A. §§ 3802–06. Under the revised statutory scheme, the first DUI offense carries a mandatory minimum sentence of six months' probation; the second offense carries a mandatory minimum prison term of five days; the third offense carries a mandatory prison term of ten days. 75 Pa.C.S.A. § 3804(a). The law provides for harsher sentences, likewise subject to enhancement for second and third offenses, in the cases of drivers who have high rates of blood alcohol, those involved in accidents, those who refuse blood testing, and those who drive commercial vehicles or school buses. 75 Pa.C.S.A. § 3804(b); (c). In revising the DUI laws, **the Legislature did away with the term**

"equivalent offense." The statute now provides for enhanced sentences following convictions for offenses "substantially similar" to Pennsylvania's previous and current DUI statutes. 75 Pa.C.S.A. § 3806(a)(3).

*Id.* at 738 n. 5 (emphases added).

Notably for our review here, our Supreme Court recognized that the Legislature's replacement of "substantially similar" for "equivalent" applied to enhanced sentencing, not merely to license revocation and suspension as assumed by the trial court.

It is well settled in our decisional law and by statute that words and phrases shall be construed according to their common and approved usage. *See R.M. v. J.S., supra,* (citing 1 Pa.C.S.A. § 1903). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b).

Here, the trial court purports to find ambiguity in the meaning of "substantially similar." (*See* Trial Ct. Op., at 6–7). The trial court's argument, which is principally a narrative of statutory enactments, is somewhat circuitous, and largely inferential; it provides no direct development or citation to pertinent supporting authority.[1] We are unpersuaded. Similarly, while the argument is again somewhat opaque, the trial court concludes from the lack of an express repudiation of *Shaw* that the "equivalent" standard for DUI convictions addressed in *Shaw* continues to apply. (*See id.* at 7). The court ignores the fact that the underlying statute has been repealed, and the superseding statute has omitted the "equivalent" test, replacing it with a "substantially similar" test. Furthermore, the trial court's interpretation is in direct conflict with our Supreme Court's explication in *Northrip, supra.* Accordingly, we are constrained to conclude that the trial court's failure to impose the statutorily required mandatory minimum sentence resulted in an illegal sentence which must be vacated.

Judgment of sentence vacated. Case remanded for resentencing with instructions to the trial court to impose a mandatory minimum sentence of one year's incarceration, consistent with this decision. Jurisdiction relinquished.

---

1. The sole case citation is to *Commonwealth v. Means,* 565 Pa. 309, 773 A.2d 143 (2001), for the proposition that "[w]hen the legislature fails to reject a court's interpretation of statutory language it is presumed that the court's interpretation is consistent with legislative intent." *Id.* at 153 (citations omitted). Divorced from its context, the admissibility of victim impact testimony in the penalty phase of a capital case, the applicability of the cited principle to this appeal is obscure at best. In any event, here, the Legislature repealed the statute in question, and substituted a new standard in the superseding legislation, clearly rejecting the *Shaw* court's holding on the statutory language at issue.