J-S78009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BENJAMIN MICHAEL BONCZEWSKI | |
| Appellant | No. 854 MDA 2014 |

Appeal from the Judgment of Sentence February 21, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000375-2013

BEFORE:  GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JANUARY 26, 2015**

Appellant, Benjamin M. Bonczewski, appeals from the judgment of sentence entered in the Luzerne County Court of Common pleas, following his guilty plea to one (1) count of receiving stolen property.[1]  We vacate and remand for resentencing.

The relevant facts and procedural history of this case are as follows. On October 9, 2012, John Roke contacted the Newport Township Police Department to report that his coin collection had been stolen from his home. In early November 2012, Appellant sold some of Mr. Roke's coins to Gold Rush Buyers.

_____

[1] 18 Pa.C.S.A. § 3925.

On July 31, 2013, Appellant pled guilty to one (1) count of receiving stolen property. Appellant's plea agreement stated, "[Appellant] to pay restitution to Roke $30,000."[2] (Plea Agreement; R.R. at 11a). An asterisk was placed next to this statement, however, to indicate that the restitution amount was "to be determined at hearing." *Id.* At the opening of the guilty plea hearing, the following exchange took place:

> [COMMONWEALTH]: Your Honor, [Appellant] shall plead guilty to count one, receiving stolen property. That is currently graded as a felony of the third degree, seven years, $15,000 max, [Appellant] to have no contact with the victim in this case, John Roke, R-O-K-E, [Appellant] to pay restitution to Mr. Roke in the amount of $30,000.
>
> Your Honor, the [C]ommonwealth would also request, after speaking with [Appellant], a restitution hearing and a sentencing date to determine the actual value and what he's liable for.
>
> THE COURT: Okay.

(N.T. Guilty Plea Hearing, 7/31/13, at 2-3). In its recitation of the facts, the Commonwealth stated that the victim's coin collection had a value "in excess of $10,000.00." *Id.* at 7.

The court sentenced Appellant on February 21, 2014, to the state intermediate punishment program for a period of twenty-four (24) months. As part of the sentence, the court also ordered Appellant to have no contact with Mr. Roke, or Mr. Roke's mother, and to pay restitution to Mr. Roke in

---

[2] The plea agreement also provided that Appellant was to have no contact with John Roke.

the amount of $30,000.00. On Monday, March 3, 2014, Appellant timely filed a motion to modify sentence, which the court denied on March 6, 2014. Appellant filed a timely notice of appeal on Monday, April 7, 2014. On April 9, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal within twenty-one (21) days, pursuant to Pa.R.A.P. 1925(b). Appellant filed a Rule 1925(b) statement on May 22, 2014.[3]

Appellant raises a single issue for our review:

> WHETHER THE TRIAL COURT ERRED IN ORDERING [APPELLANT] TO PAY RESTITUTION FOR PROPERTY WHICH THE COMMONWEALTH HAS NOT PROVEN WAS EITHER STOLEN OR RECEIVED BY HIM?

(Appellant's Brief at 4).

In his sole issue, Appellant argues the Commonwealth presented no evidence that Appellant stole or received stolen property equal to the amount of restitution he was ordered to pay as part of his sentence. Specifically, Appellant contends he did not plead guilty to the theft of the coin collection but only to receiving some of the stolen coins. Appellant did not agree to pay restitution in full for the entire coin collection or even agree in his plea agreement to a specific amount of restitution. Appellant asserts he agreed that the court would determine at a restitution hearing the actual

---

[3] We observe Appellant's Rule 1925(b) statement appears to be untimely. Nevertheless, the trial court issued a Rule 1925(a) opinion and addressed Appellant's complaint. **See generally Commonwealth v. Burton**, 973 A.2d 428 (Pa.Super. 2008) (*en banc*) (addressing post-amendment Rule 1925 and options regarding Rule 1925(b) statement in criminal context).

value of the coins he received. According to Appellant, no hearing took place at which the Commonwealth presented any evidence of the value of the stolen goods attributable to Appellant's actions. Appellant claims the amount of restitution the court ordered him to pay was purely speculative and unsupported by the record. On this record, Appellant concludes that part of his sentence ordering him to pay $30,000.00 in restitution is illegal. We agree.

Issues concerning a court's statutory authority to impose restitution implicate the legality of the sentence. *Commonwealth v. Smith*, 956 A.2d 1029 (Pa.Super. 2008) (*en banc*), *appeal denied*, 605 Pa. 684, 989 A.2d 917 (2010). "Issues relating to the legality of a sentence are questions of law…." *Commonwealth v. Diamond*, 945 A.2d 252, 256 (Pa.Super. 2008), *appeal denied*, 598 Pa. 755, 955 A.2d 356 (2008). When the legality of a sentence is at issue, our "standard of review over such questions is *de novo* and our scope of review is plenary." *Id.* "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated…." *Commonwealth v. Pombo*, 26 A.3d 1155, 1157 (Pa.Super. 2011) (quoting *Commonwealth v. Bowers*, 25 A.3d 349, 352 (Pa.Super. 2011), *appeal denied*, 616 Pa. 666, 51 A.3d 837 (2012)). In criminal proceedings, an order of restitution is not an award of damages; it is a sentence. *Commonwealth v. Atanasio*, 997 A.2d 1181, 1182-83 (Pa.Super. 2010).

An appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing. The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary.

*Commonwealth v. Stradley*, 50 A.3d 769, 771-72 (Pa.Super. 2012) (internal citations and quotation marks omitted). *Compare Commonwealth v. Pleger*, 934 A.2d 715, 719 (Pa.Super. 2007) (noting some challenges to **amount** of restitution can involve discretionary aspects of sentencing).

Section 1106 of the Crimes Code governs orders of restitution, in pertinent part, as follows:

**§ 1106. Restitution for injuries to person or property**

**(a) General rule.**—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

\* \* \*

**(c) Mandatory restitution.—**

\* \* \*

(2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by

J-S78009-14

> the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.
>
> *    *    *

18 Pa.C.S.A § 1106.  Section 1106(c)(2) includes the requirement that if restitution is ordered, the amount and method of restitution must be "**determined at the time of sentencing**…." *Commonwealth v. Dinoia*, 801 A.2d 1254, 1257 (Pa.Super. 2002) (emphasis in original).

> It also placed upon the Commonwealth the requirement that it provide the court with its recommendation of the restitution amount at or prior to the time of sentencing. Although the statute provides for amendment or modification of restitution "at any time," 18 Pa.C.S.A. § 1106(c)(3), the modification refers to an order "made pursuant to paragraph (2)…." Thus, the statute mandates an initial determination of the amount of restitution at sentencing. This provides the defendant with certainty as to his sentence, and at the same time allows for subsequent modification, if necessary.

*Id.* (internal citations and footnote omitted). In any event,

> Because restitution is a sentence, the amount ordered must be supported by the record; it may not be speculative or excessive. In a case of theft by receiving stolen property, a reviewing court will not countenance a sentence provision which requires restitution for property which the Commonwealth has not proven was either stolen or received by the [defendant].

*Commonwealth v. Reed*, 543 A.2d 587, 589 (Pa.Super. 1988) (internal citations and quotation marks omitted) (holding defendant convicted of receiving stolen property cannot be ordered to make restitution for more than value of property he received; evidence must show causal connection

- 6 -

between loss sustained and defendant's role in receiving stolen property; restitution cannot exceed loss caused by defendant's conduct).

Instantly, Appellant pled guilty on July 31, 2013, to receiving stolen property. Although the plea agreement indicated Appellant was to pay restitution in the amount of $30,000.00 to the owner of the stolen property, the agreement also stated that the actual amount of restitution would be determined at a hearing. Likewise, at the guilty plea hearing, the Commonwealth's attorney requested "a restitution hearing and a sentencing date to determine the actual value and what [Appellant is] liable for." (N.T. Guilty Plea Hearing at 2-3). At the conclusion of the plea hearing, the court set a sentencing date and stated, "At that time[,] we'll have your hearing regarding the value of the property." *Id.* at 8. Thus, the plea agreement as to $30,000.00 in restitution was tentative at best and expressly conditional on the court's findings at a full restitution hearing. A review of the certified record, however, reveals the court failed to hold a full restitution hearing before sentencing. At no time prior to sentencing did the Commonwealth present any evidence that the value of the stolen coins received by Appellant was anywhere near $30,000.00.[4] Nevertheless, as part of Appellant's sentence the court ordered Appellant to pay $30,000.00 in restitution to Mr.

_____

[4] In its recitation of facts at the guilty plea hearing, the Commonwealth's attorney merely stated that the value of the entire coin collection was "in excess of" $10,000.00. (N.T. Guilty Plea Hearing at 7).

Roke. Appellant objected to this restitution in a timely post-sentence motion and on appeal.[5]

We conclude the record in its present state does not support the restitution order for $30,000.00 and, therefore, that part of the sentence is illegal. **See Stradley, supra**; **Reed, supra**. Based on the foregoing, we vacate Appellant's judgment of sentence and remand for resentencing following a full restitution hearing. **See Commonwealth v. Deshong**, 850 A.2d 712 (Pa.Super. 2004) (stating trial court's sentencing scheme is upset when appellate court rules restitution order imposed as part of sentence is illegal; proper remedy is to vacate entire sentence and remand for resentencing).

Judgment of sentence vacated; case remanded for proper restitution hearing and resentencing. Jurisdiction is relinquished.

---

[5] To the extent the trial court and Commonwealth suggest Appellant waived his restitution claim for failure to object at sentencing (suggesting the issue implicates the discretionary aspects of sentencing), we observe Appellant properly preserved his issue in a post-sentence motion, in his Rule 1925(b) statement, and on appeal. In any event, Appellant's issue as argued goes to the legality of his sentence, which he could raise for the first time on appeal, or this Court could even raise it *sua sponte*. **See Commonwealth v. Edrington**, 780 A.2d 721 (Pa.Super. 2001) (assuming proper jurisdiction, Appellant can raise issue involving legality of sentence for first time on appeal or reviewing Court can raise it *sua sponte*). Therefore, we reject the trial court's and the Commonwealth's waiver analysis.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/26/2015