J-S30006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SEAN LONGBOTTOM | |
| Appellant | No. 23 EDA 2014 |

Appeal from the Judgment of Sentence November 22, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006930-2013

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED JUNE 17, 2015**

Appellant, Sean Longbottom, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his negotiated guilty plea to possessing instruments of crime ("PIC") and terroristic threats.  We affirm and grant counsel's petition to withdraw.[1]

The relevant facts and procedural history of this appeal are as follows. On the afternoon of May 9, 2013, Richard Barr was washing his vehicle in the driveway at 6611 Hegerman Street in Philadelphia.  Appellant, a next-door neighbor, appeared on his own porch and began to yell at Mr. Barr. After yelling at Mr. Barr, Appellant briefly left the porch.  When Appellant returned, he pointed a firearm at Mr. Barr and said, "I'm going to get you,

---

[1] 18 Pa.C.S.A. §§ 907, 2706, respectively.

I've got something for you, this is the beginning." (N.T. Plea and Sentencing Hearing, 11/22/13, at 7). At the same time, Mr. Barr's family dog entered the driveway. Appellant saw the dog and said, "I got something for that dog too." (*Id.*)

On November 22, 2013, Appellant executed a written guilty plea colloquy. That same day, Appellant pled guilty to PIC and terroristic threats.[2] In exchange, the Commonwealth recommended a time-served sentence, followed by two (2) years of probation. The Commonwealth also agreed to withdraw additional charges. Following an oral colloquy, the court accepted Appellant's plea. Pursuant to the plea agreement, the court immediately sentenced Appellant to time served to six (6) months' imprisonment for terroristic threats. For the PIC conviction, the court imposed a consecutive term of two (2) years' probation. The court also granted immediate parole. Appellant did not file post-sentence motions.

Appellant timely filed a notice of appeal on Monday, December 23, 2013. On May 8, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). On May 29, 2014, counsel filed a statement of intent to file a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493

---

[2] The offenses of PIC and terroristic threats were graded as first degree misdemeanors.

(1967) and **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

As a preliminary matter, appellate counsel seeks to withdraw his representation pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006) (quoting **Commonwealth v. Townsend**, 693 A.2d 980, 982 (Pa.Super. 1997)).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor **McClendon** requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> * * *
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, appellate counsel filed a petition for leave to withdraw. The petition states counsel performed a conscientious examination of the record and determined the appeal would be wholly frivolous. Counsel also supplied Appellant with a copy of the withdrawal petition, the brief, and a letter explaining Appellant's right to proceed *pro se* or with new privately retained counsel to raise any additional points Appellant deems worthy of this Court's consideration. In his **Anders** brief, counsel provides a summary of the facts and procedural history of the case. Counsel refers to facts in the record that

- 4 -

might arguably support the issues raised on appeal and offers citations to relevant law. The brief also provides counsel's conclusion that the appeal is wholly frivolous. Thus, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

As Appellant has filed neither a *pro se* brief nor a counseled brief with new privately retained counsel, we review this appeal on the basis of the issues raised in the **Anders** brief:

> WAS [APPELLANT'S] GUILTY PLEA VALID?
>
> WAS [APPELLANT] COMPETENT TO ENTER A PLEA IN THAT HE HAD NOT TAKEN HIS REQUIRED DOSAGE OF MEDICATION PRIOR TO ENTRY OF THE PLEA?
>
> WAS THE SENTENCE IMPOSED BY THE COURT VALID IN LIGHT OF THE FACT THAT [APPELLANT] WAS NOT AFFORDED ALLOCUTION PRIOR TO SENTENCING?
>
> WAS [APPELLANT'S] SENTENCE LEGAL?

(**Anders** Brief at 3).

In his first and second issues, Appellant baldly asserts he did not enter a valid guilty plea. Further, Appellant claims he was under a psychiatrist's care at the time of the plea hearing, and he failed to take his last two doses of prescription medication before entering the plea. Appellant, however, failed to preserve these claims by objecting during the plea colloquy or filing a post-sentence motion to withdraw the plea. **See Commonwealth v. Lincoln**, 72 A.3d 606 (Pa.Super. 2013), *appeal denied*, ___ Pa. ___, 87 A.3d 319 (2014) (explaining defendant wishing to challenge voluntariness of

guilty plea on direct appeal must either object during plea colloquy or file motion to withdraw plea within ten days of sentencing; failure to employ either measure results in waiver). Moreover, Appellant cites nothing to demonstrate how the absence of medication rendered him incompetent to enter his plea.[3] *See Commonwealth v. Prendes*, 97 A.3d 337 (Pa.Super. 2014), *appeal denied*, ___ Pa. ___, 105 A.3d 736 (2014) (stating Pennsylvania law presumes defendant who entered guilty plea was aware of what he was doing, and defendant bears burden of proving otherwise). Therefore, Appellant's first two issues are waived.

In his third issue, Appellant argues the court denied his right to allocution prior to the imposition of sentence. Significantly, "a denial of the right of allocution does not create a non-waivable challenge to the legality of the sentence." *Commonwealth v. Jacobs*, 900 A.2d 368, 376 (Pa.Super. 2006) (*en banc*), *appeal denied*, 591 Pa. 681, 917 A.2d 313 (2007). "[L]ike most legal errors, it is nevertheless waivable under Pennsylvania law." *Id.*

---

[3] The record shows that Appellant was an active participant in the plea proceedings. Specifically, the prosecutor informed the court that the parties had negotiated a "stay away order," prohibiting Appellant from contacting Mr. Barr or Mr. Barr's girlfriend. (*See* N.T. Plea and Sentencing Hearing at 8.) Appellant interjected, "Can I ask you a question, does that stay away order work both ways?" (*Id.* at 11). The court responded that it did, and Mr. Barr and his girlfriend could not antagonize Appellant. The court and Appellant also discussed the consequences of violating the stay away order, and the need for Appellant to take his medication as prescribed. At the conclusion of this discussion, Appellant thanked the court for its concern.

at 377. Here, Appellant failed to raise this issue with the trial court in the first instance, so it is waived.[4] **See id.**

In his fourth issue, Appellant claims the offenses of PIC and terroristic threats were graded as first degree misdemeanors. Appellant also insists the court imposed illegal sentences. We disagree.

"Issues relating to the legality of a sentence are questions of law…." **Commonwealth v. Diamond**, 945 A.2d 252, 256 (Pa.Super. 2008), *appeal denied*, 598 Pa. 755, 955 A.2d 356 (2008). "The defendant or the Commonwealth may appeal as of right the legality of the sentence." 42 Pa.C.S.A. § 9781(a). **See also Commonwealth v. Edrington**, 780 A.2d 721 (Pa.Super. 2001) (maintaining legality of sentence claims cannot be waived, where reviewing court has proper jurisdiction). When the legality of a sentence is at issue on appeal, our "standard of review over such questions is *de novo* and our scope of review is plenary." **Diamond, supra** at 256. "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated…." **Commonwealth v. Pombo**, 26 A.3d 1155, 1157 (Pa.Super. 2011) (quoting **Commonwealth v. Bowers**, 25 A.3d 349, 352 (Pa.Super. 2011)).

The Crimes Codes governs the sentencing of first degree

---

[4] The court imposed the sentence recommended as part of the plea agreement.

misdemeanors as follows:

### § 1104. Sentence of imprisonment for misdemeanors

A person who has been convicted of a misdemeanor may be sentenced to imprisonment for a definite term which shall be fixed by the court and shall be not more than:

(1)   Five years in the case of a misdemeanor of the first degree.

\*   \*   \*

18 Pa.C.S.A. § 1104(1).

Instantly, the court sentenced Appellant to time served to six (6) months' imprisonment for terroristic threats.  For the PIC conviction, the court imposed a consecutive term of two (2) years' probation.  Neither sentence exceeded the statutory maximum allowed for a first degree misdemeanor.  **See id.**  Therefore, Appellant is not entitled to relief on this issue.  **See Pombo, supra**.  Following our own independent evaluation of the record, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/17/2015</u>