J-A09039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ROBERT DANIEL SULLIVAN :
:
Appellant : No. 716 MDA 2022

Appeal from the Judgment of Sentence Entered April 29, 2022,
in the Court of Common Pleas of Adams County,
Criminal Division at No(s): CP-01-CR-0000251-2021.

BEFORE: PANELLA, P.J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED: MAY 8, 2023**

Robert Sullivan appeals from the judgment of sentence entered following his guilty plea to driving under the influence (DUI).[1] Because this Court's holdings preclude Sullivan's arguments, we affirm.

On December 10, 2020, Sullivan was charged with, *inter alia*, DUI. He ultimately pled guilty and was sentenced. Notably, Sullivan reserved his right to challenge the prior offenses, grading, and applicable penalties. The trial court treated the DUI as a third offense based on Sullivan's two out-of-state cases: (1) a guilty plea to driving while ability impaired (DWAI) in New York, and (2) a guilty plea and entry into a probation before judgment (PBJ) program for DUI in Maryland.[2]

_____

[1] 75 Pa.C.S.A. § 3802(d)(2).

[2] N.Y. Veh. & Traf. § 1192(1); Md. Code Transp. § 21-902(a)(2).

Sullivan timely appealed. Sullivan and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Sullivan presents two questions for our review:

I.      Whether the lower court erred when it considered the Maryland DUI PBJ as a "prior offense" under 75 Pa.C.S.[A.] § 3806?

II.     Whether the lower court erred when it considered the conviction for New York DWAI as a "prior offense" under 75 Pa.C.S.[A.] § 3806?

Sullivan's Brief at 4.

When a court imposes a sentence for DUI, it is required to calculate the defendant's prior offenses. 75 Pa.C.S.A. § 3806(b)(2). Subject to timing requirements not in dispute here, "prior offense" means:

any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition [(ARD)] or other form of preliminary disposition before the sentencing on the present violation for any of the following:

(1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);

(2) an offense under former section 3731;

(3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or

(4) any combination of the offenses set forth in paragraph (1), (2) or (3).

75 Pa.C.S.A. § 3806(a). The interpretation of Section 3806 is a question of law, for which our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Mock***, 186 A.3d 434, 435 (Pa. Super. 2018), *aff'd*, 219 A.3d 1155 (Pa. 2019) (citation omitted).

Sullivan first disputes that his guilty plea to DUI in Maryland and entry into the PBJ program counts as a prior offense. The trial court ruled based on this Court's holding that entry into the PBJ program for a DUI in Maryland counts as a prior offense under Section 3806. Trial Court Opinion, 5/13/22, at 3–5 (citing **Commonwealth v. Hayes**, 266 A.3d 679 (Pa. Super. 2021)). Sullivan argues that we should address the unanswered question from **Hayes** and find Section 3806 unconstitutional under **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020).[3] He submits that because Section 3806 permits counting any "other form of preliminary disposition" as a "prior offense," it allows trial courts to infer guilt of an out-of-state prior offense without the requisite protections of due process. Sullivan concludes that this Court cannot usurp the legislature by rewriting Section 3806 to conform to constitutional standards, and that we should therefore remand for the trial court to sentence without counting his Maryland PBJ as a prior offense.

This Court held that Section 3806(a) violated the Due Process Clause by counting an acceptance of ARD as a prior offense, absent proof of the prior offenses beyond a reasonable doubt. **Chichkin**, 232 A.3d at 971. We distinguished **Chichkin** in **Hayes**, where the record showed that the defendant/appellee had pled not guilty to DUI in Maryland before entering the PBJ program. Because Maryland law required a plea of guilty or *nolo contendere* before entering PBJ, we reasoned that Maryland PBJ law provided

_____

[3] As described below, this Court sitting *en banc* overruled **Chichkin** after Sullivan filed his appellate brief.

the procedural safeguards that Pennsylvania ARD law lacked. ***Hayes***, 266 A.3d at 684. In holding for the Commonwealth, we avoided the constitutional issue raised in the alternative. ***Id.*** at 682 & n.3.

Subsequently, we revisited our ***Chichkin*** holding. ***Commonwealth v. Richards***, 284 A.3d 214, 216 (Pa. Super. 2022) (*en banc*); ***Commonwealth v. Moroz***, 284 A.3d 227, 230 (Pa. Super. 2022) (*en banc*). Noting the purposes of DUI laws and the procedures underlying the admission into ARD, we held that Section 3806(a)'s counting admission into ARD as a prior offense passed constitutional muster. ***Richards***, 284 A.3d at 220. We therefore overruled ***Chichkin***. ***Id.***[4]

Here, we conclude that Sullivan's constitutional argument fails based on ***Richards*** and ***Moroz***. Based on current decisional law, there is no constitutional defect in Section 3806(a) counting acceptance into ARD as a prior offense. ***Richards***, 284 A.3d at 220. It follows that counting any "other form of preliminary disposition"—here, PBJ—likewise comports with due process. Therefore, the trial court did not err by following ***Hayes*** and counting Sullivan's PBJ in Maryland as a prior offense.

Sullivan next contends that the trial court should not have counted his New York DWAI conviction as a prior offense because it is not "substantially

---

[4] The Supreme Court of Pennsylvania addressed this issue, affirming our ***Chichkin***-based holding by operation of law. ***Commonwealth v. Verbeck***, 290 A.3d 260 (Pa. Feb. 28, 2023). ***Verbeck*** lacks precedential value because it is a plurality opinion from an evenly divided court. ***See Commonwealth v. Baldwin***, 985 A.2d 830, 835 (Pa. 2009) (citing ***Kelley v. State Employees' Ret. Bd.***, 932 A.2d 61, 67–68 (Pa. 2007)).

similar" to any Pennsylvania DUI offense. *See* 75 Pa.C.S.A. § 3806(a)(3). We considered and rejected this argument in *Commonwealth v. Pombo*, 26 A.3d 1155, 1159 (Pa. Super. 2011). Sullivan argues that this Court's holding in *Pombo* was improper because it used the wrong test for substantial similarity. *Id.* at 1157–58 (following the test for substantial similarity described in *Wroblewski v. Commonwealth*, 809 A.2d 247, 248 (Pa. 2002), and enacted as described in *Commonwealth v. Northrip*, 985 A.2d 734, 738 n.5 (Pa. 2009)). Because the New York DWAI statute applies to a lower level of impairment than any Pennsylvania DUI statute, Sullivan concludes that it is not substantially similar, we should overrule *Pombo*, and the trial court should not count the DWAI as a prior offense.

This panel of the Superior Court cannot overrule another panel of the Superior Court. *Commonwealth v. Beck*, 78 A.3d 656, 659 (Pa. Super. 2013) (citing *Commonwealth v. Taylor*, 649 A.2d 453, 455 (Pa. Super. 1994)). This Court held that DWAI in New York is substantially similar to DUI in Pennsylvania. *Pombo*, 26 A.3d at 1159. Although Sullivan urges us to use a different test for substantial similarity to compare these statutes, we lack the power to distinguish *Pombo* in this way. *Beck*, *supra*. We conclude that the trial court correctly followed *Pombo* in counting Sullivan's New York DWAI as a prior offense. We therefore affirm Sullivan's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2023