J-S24010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                         : PENNSYLVANIA
           v.                         :
                                           :
SHANE OWEN STEWART,            :
                                         :
        Appellant               : No. 1199 MDA 2015

Appeal from the Order June 10, 2015
in the Court of Common Pleas of York County,
Criminal Division, No(s): CP-67-CR-0007100-2011

BEFORE: GANTMAN, P.J., BOWES and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED APRIL 20, 2016**

Shane Stewart ("Stewart") appeals from the Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

This Court previously set forth the following relevant facts:

> On October 14, 2011, at approximately 10:55 a.m., Denise Miller ("the victim"), was home alone at the residence in Fawn Township, York County, that she shared with her sister and brother-in-law. As she exited her residence, she was confronted by [Stewart,] who was wearing a ski mask, dark clothes and gloves, and who forced his way into the residence. [Stewart] pointed a gun at the victim's face and asked where her nephew and his girlfriend were, because they owed him money. After the victim resisted, and attempted to push the gun away, [Stewart] forced her into a downstairs bathroom, and blocked the exit with a chair. The victim then heard [Stewart] run upstairs. After approximately ten minutes, when the victim heard no more sounds, she was able to exit the bathroom, and went to a neighbor's house to call the police. The subsequent police investigation revealed that [Stewart] had stolen a .22 caliber Ruger semiautomatic pistol and ammunition from the victim's residence. At trial, the victim testified that she recognized [Stewart's] voice because she had interacted with

him previously when he performed odd jobs around her residence. [Stewart's] friend, Felicia Asbury ["Asbury,"] informed police that she had driven [Stewart] to the victim's home at approximately 10:00 a.m. on October 14, 2011, and that she waited in the car for approximately five minutes while [Stewart] walked toward the residence. When [Stewart] returned, he was carrying a dark-colored bag and appeared agitated.

*Commonwealth v. Stewart*, 91 A.3d 1289 (Pa. Super. 2013) (unpublished memorandum at 1-2). Following a jury trial, Stewart was convicted of burglary, robbery, theft by unlawful taking, receiving stolen property, criminal trespass, terroristic threats, possessing instruments of crime, false imprisonment, and simple assault.[1] The trial court sentenced Stewart to an aggregate prison term of 16 to 32 years. Stewart filed a post-sentence Motion, which the trial court denied.

This Court affirmed Stewart's judgment of sentence in November 2013, and the Pennsylvania Supreme Court denied his Petition for Allowance of Appeal. *See Stewart*, 91 A.3d 1289, *appeal denied*, 89 A.3d 1285 (Pa. 2014).

In November 2014, Stewart, *pro se*, filed a timely PCRA Petition. The PCRA court appointed Stewart counsel, who thereafter filed an Amended PCRA Petition. Following a hearing, the PCRA court denied Stewart's Petition. Stewart filed a timely Notice of Appeal and a court-ordered

---

[1] 18 Pa.C.S.A. §§ 3502, 3701(a)(1)(ii), 3921(a), 3925(a), 3503(a)(1)(i), 2706(a)(1), 907(b), 2903 and 2701.

Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, Stewart raises the following claims for our review:

I. Did the PCRA court err by holding that trial counsel was not ineffective for failing to present the testimony or report of a state trooper to whom the victim could not identify the perpetrator immediately after the crime occurred?

II. Did the PCRA court err by holding that trial counsel was not ineffective for failing to present evidence that [Stewart's] eyes are blue, where the victim insisted that the perpetrator's eyes are "dark?"

Brief for Appellant at 4.

The applicable standards of review regarding the denial of a PCRA petition and ineffectiveness claims are as follows:

Our standard of review of a PCRA court's denial of a petition for post[-]conviction relief is well-settled: We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

* * *

It is well-established that counsel is presumed to have provided effective representation unless the PCRA petition pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted).

In his first claim, Stewart argues that trial counsel was ineffective for failing to present either the testimony of Trooper Timothy Longenecker ("Trooper Longenecker") or his police report at trial. Brief for Appellant at 12, 14. Stewart asserts that Trooper Longenecker's testimony is important because he interviewed the victim immediately after the incident, and indicated in his report that the victim could not name the suspect. *Id.* at 12, 13-14. Additionally, Stewart claims that Trooper Longenecker identified another individual as the primary suspect, and that no other witness testified regarding another suspect at trial. *Id.* at 12.

> When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the [ineffectiveness] test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. To demonstrate [] prejudice, a petitioner must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. Thus, counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the witness's testimony would have been helpful to the defense. A failure to call a witness is not *per se* ineffective assistance of counsel[,] for such decision usually involves matters of trial strategy.

*Commonwealth v. Sneed*, 45 A.3d 1096, 1108-09 (Pa. 2012) (citations and quotation marks omitted).

- 4 -

Here, Stewart failed to prove that Trooper Longenecker was available for trial. *See* PCRA Court Opinion, 6/10/15, at 9. Additionally, Stewart's claim that Trooper Longenecker would have testified that the victim did not name a suspect immediately following the incident was cumulative to testimony provided by Trooper Christopher Colarusso at trial. *See* N.T., 11/8/12, at 176. Thus, the fact to which Trooper Longenecker would have testified had already been presented to the jury for consideration, and Stewart could not have suffered prejudice as a result of Trooper Longenecker's absence at trial. *See Commonwealth v. Milligan*, 693 A.2d 1313, 1319 (Pa. Super. 1997) (stating that "[a]s a general rule, counsel will not be deemed ineffective for failing to call witnesses whose testimony is merely cumulative of that of other witnesses.") (quotations omitted). Accordingly, we cannot grant him relief on this claim.

In his second claim, Stewart asserts that trial counsel was ineffective for failing to present evidence that Stewart's eyes are blue. Brief for Appellant at 14. Stewart argues that because the victim described the perpetrator's eyes as "dark," the fact that his eyes are blue is an important piece of identification evidence. *Id.* at 14-15.

Here, the record indicates that trial counsel asked the victim about Stewart's eye color during cross-examination, and the victim stated that they were dark. *See* N.T., 11/8/12, at 109. While the PCRA court observed that Stewart's eyes appear dark, "[t]he quantum of evidence presented as to

[Stewart's] identity was substantial."  PCRA Court Opinion, 8/28/15, at 5; *see also id.* at 4.  Indeed, the victim recognized Stewart based upon his physical characteristics, his voice, and the fact that she had a prior encounter with him.  N.T., 11/18/12, at 99-101.  In light of the evidence in the record, Stewart has failed to prove that the introduction of more specific evidence about his eye color would have resulted in a reasonable probability of a different outcome at trial.  *See Commonwealth v. Steele*, 961 A.2d 786, 801 (Pa. 2008) (holding that counsel was not ineffective for failing to challenge specific evidence because the other identification evidence introduced at trial overwhelmingly demonstrated appellant's guilt).  Thus, Stewart's claim of ineffective assistance of counsel for failure to present evidence of his eye color fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2016