744 A.2d 739

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Lawrence L. SHAW, Appellee.**

Supreme Court of Pennsylvania.

Submitted April 29, 1999.

Decided Jan. 20, 2000.

---

Robert B. McGuinness, Dist. Atty., Office of the District Attorney, for Com.

Richard Sheetz, Troy, for Laurence L. Shaw.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

NIGRO, Justice.

The issue presented in the instant appeal is whether the Superior Court properly determined that the sentencing court erred by finding that the New York State offense of Driving While Ability Impaired ("DWAI"), N.Y. Veh. & Traf. Law § 1192(1), is an "equivalent offense" to the Pennsylvania offense of Driving While Under the Influence of Alcohol ("DUI"), 75 Pa.C.S. § 3731(a)(1), for purposes of sentencing Appellee as a repeat offender pursuant to 75 Pa.C.S. § 3731(e)(1)(iii). For the reasons that follow, we affirm the order of the Superior Court vacating Appellee's judgment of sentence and remanding the matter for resentencing.

The facts and procedural history underlying the instant appeal are as follows. On April 14, 1995, various residents of the Kerryview Trailer Park observed Appellee backing his car into a parked truck and driving around the park in an apparently intoxicated state. Police were called to the scene, and Appellee was arrested for DUI. On September 28, 1995, a jury convicted Appellee of DUI.[1] After finding that Appellee's latest conviction was his third DUI conviction for purposes of determining his appropriate mandatory minimum

---

1. The trial court also found Appellee guilty of the summary offenses of careless driving and operation of a motor vehicle without official certificate of inspection. Appellee was ordered to pay fines totaling $50 in connection with his summary offense convictions.

sentence pursuant to 75 Pa.C.S. § 3731(e)(1),[2] the sentencing court imposed a term of imprisonment of six to twenty-three months and twenty-nine days, plus a $1,000 fine, a $200

2. 75 Pa.C.S. § 3731(e)(1) sets forth the mandatory minimum sentences for convictions under section 3731(a). There are increasing mandatory minimum sentences set forth in sub-sections 3731(e)(1)(ii), (iii), and (iv), which are based on the number of times that the defendant has been previously convicted of violating section 3731(a) within the last seven years. Sub-sections 3731(e)(1)(ii), (iii), and (iv) provide that the defendant's previous in-state or out-of-state convictions for offenses that are "equivalent" to section 3731(a) offenses are also to be counted as prior convictions for purposes of determining the appropriate mandatory minimum sentence. In addition, section 3731(e)(2) provides that if the defendant has previously accepted Accelerated Rehabilitative Disposition on any charge brought under section 3731(a), then that acceptance shall be considered as his or her first conviction for purposes of determining the appropriate mandatory minimum sentence. In the instant case, the sentencing court found that the mandatory minimum sentence of 90 days set forth in sub-section 3731(e)(1)(iii) applied to Appellee, because he: (1) accepted an Accelerated Rehabilitative Disposition placement for DUI in 1993; and (2) had a 1992 New York State conviction for DWAI, which the sentencing court considered to be equivalent to a DUI conviction under section 3731(a)(1). Section 3731(e)(1) provides as follows:

(e) Penalty.—

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree, except that a person convicted of a third or subsequent offense is guilty of a misdemeanor of the first degree, and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

(i) Not less than 48 consecutive hours.

(ii) Not less than 30 days if the person has previously accepted Accelerated Rehabilitative Disposition or any other form of preliminary disposition, been convicted of, adjudicated delinquent or granted a consent decree under the Juvenile Act (42 Pa.C.S. § 6301 et seq.) based on an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

(iii) Not less than 90 days if the person has twice previously been convicted of, adjudicated delinquent or granted a consent decree under the Juvenile Act based on an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

(iv) Not less than one year if the person has three times previously been convicted of, adjudicated delinquent or granted a consent decree under the Juvenile Act based on an offense under this section or an equivalent offense in this or other jurisdictions within the previous seven years.

75 Pa.C.S. § 3731(e)(1)(i)–(iv).

statutory surcharge, and costs of prosecution. Appellee filed post-sentencing motions, which were denied. Appellee then filed a timely appeal to the Superior Court.

On appeal, Appellee challenged, *inter alia*, the sentencing court's determination that his New York state conviction of DWAI should count as a prior DUI conviction for purposes of determining his mandatory minimum sentence pursuant to 75 Pa.C.S. § 3731(e)(1). The Superior Court agreed, finding that Pennsylvania's DUI offense enumerated at 75 Pa.C.S. § 3731(a)(1) and New York State's DWAI offense enumerated at N.Y. Veh. & Traf. Law § 1192(1) are not equivalents, because Pennsylvania's DUI offense requires a greater showing of impairment than does New York State's DWAI offense. Accordingly, the Superior Court concluded that the sentencing court should not have considered Appellee's New York State DWAI conviction to be a prior offense for purposes of calculating Appellee's mandatory minimum DUI sentence, vacated Appellee's judgment of sentence and remanded the matter for resentencing in accordance with its memorandum opinion. The Commonwealth's instant appeal followed.

The Commonwealth first argues that the Superior Court erred in reaching the issue of whether Appellee's New York State DWAI conviction may constitute a prior conviction for purposes of determining his mandatory minimum sentence pursuant to 75 Pa.C.S. § 3731(e)(1), because Appellee failed to set forth in his brief to the Superior Court a statement of reasons relied upon for allowance of appeal of the discretionary aspects of his sentence. We disagree.

■ Pursuant to section 9781(b) of the Judicial Code, review of the discretionary aspects of a sentence is at the discretion of the Superior Court. *See* 42 Pa.C.S. § 9781(b). To facilitate the Superior Court's exercise of this discretion, Rule 2119(f) of the Pennsylvania Rules of Appellate Procedure requires appellants seeking appellate review of the discretionary aspects of a sentence to include in their brief a separate statement of the reasons they rely upon for allowance of appeal. *See* Pa.R.A.P. 2119(f). From such a statement, "the

Superior Court decides whether to review the discretionary portions of a sentence based upon a determination that a substantial question concerning the sentence exists." *In the Interest of M.W.*, 555 Pa. 505, 725 A.2d 729, 731 (1999) (citing *Commonwealth v. Tuladziecki,* 513 Pa. 508, 513, 522 A.2d 17, 19 (1987)).

■ As noted by the Superior Court in its memorandum opinion, the issue raised by Appellee implicates the legality of his sentence, and not its discretionary aspects, since the sentencing court had no discretion in calculating the number of Appellee's prior DUI convictions for purposes of determining his mandatory minimum sentence pursuant to 75 Pa.C.S. § 3731(e)(1). Therefore, Pa.R.A.P. 2119(f) is inapplicable to Appellee's claim that the sentencing court erred in determining his mandatory minimum sentence, and the Superior Court did not err in reaching the merits of the issue. *See* 42 Pa.C.S. § 9781(a) (the defendant or the Commonwealth may appeal the legality of a sentence as of right); *see also Commonwealth v. Robertson, Jr.,* 555 Pa. 72, 722 A.2d 1047 (1999) (implicitly finding question of whether sentencing court properly found that Maryland offense of driving while intoxicated constitutes an "equivalent offense" to the Pennsylvania offense of driving while under the influence of alcohol for purposes of determining defendant's mandatory minimum sentence under 75 Pa. C.S. § 3731(e)(1) implicates legality of sentence, rather than its discretionary aspects, by reaching merits of the issue).

■ Next, the Commonwealth argues that the Superior Court erred in reaching the issue of whether Appellee's New York State DWAI conviction may constitute a prior conviction for purposes of mandatory sentencing under 75 Pa.C.S. § 3731(e)(1), because by the time Appellee appealed to the Superior Court, he had already served his minimum term of incarceration. The Superior Court refused to find the issue moot since Appellee was still on parole during the time that his appeal was pending, and was therefore still subject to the sentence imposed on him. We find no error in the Superior Court's determination in this regard. Therefore, we will now

address the substantive issue at hand, which is namely, whether the Superior Court erred in finding that the New York State offense of DWAI does not constitute an "equivalent offense" to the Pennsylvania offense of DUI for purposes of determining Appellant's mandatory minimum sentence as a repeat offender pursuant to 75 Pa.C.S. § 3731(e)(1).[3]

In *Commonwealth v. Robertson, Jr.*, 555 Pa. 72, 722 A.2d 1047 (1999), a plurality of this Court adopted the Superior Court's approach to determining whether or not an out-of-state offense is "equivalent" to an in-state offense for purposes of determining whether a defendant was properly sentenced as a recidivist offender under the Pennsylvania DUI statute. In determining whether an in-state offense and an out-of-state offense are "equivalents", the Superior Court has compared the elements of the crimes, the conduct prohibited by the offenses, and the underlying public policy behind the two criminal statutes. *See, e.g., Commonwealth v. Bolden*, 367 Pa.Super. 333, 532 A.2d 1172 (1987). As the *Bolden* court stated:

> [A] sentencing court [must] carefully review the elements of the foreign offense in terms of classification of the conduct proscribed, its definition of the offense, and the requirements for culpability. Accordingly, the court may want to discern whether the crime is malum in se or malum prohibitum, or whether the crime is inchoate or specific. If it is a specific crime, the court may look to the subject

3. On page 11 of its brief to this Court, the Commonwealth also asserts that the Superior Court's rationale for vacating Appellee's judgment of sentence and remanding the matter for resentencing is no longer viable, because Appellee is no longer on parole, and thus is no longer subject to the sentence imposed on him. Assuming, arguendo, that the Commonwealth is correct, we fail to see how that fact could possibly impact upon the validity of the Superior Court's decision at the time it was entered. We can only assume that the Commonwealth is not inferring that the issue before the Court is now moot, because the Commonwealth is the Appellant before this Court, and a finding of mootness would necessarily result in the dismissal of its own appeal. Notwithstanding the foregoing, we would not find that the issue presented in the instant appeal is moot, since it presents an issue that is capable of repetition yet apt to avoid appellate review. *See, e.g., In Re J.M.*, 556 Pa. 63, 726 A.2d 1041, 1045 n. 6 (1999).

matter sought to be protected by the statute, e.g., protection of the person or protection of the property. It will also be necessary to examine the definition of the conduct or activity proscribed. In doing so, the court should identify the requisite elements of the crime—the actus reus and mens rea—which form the basis of liability.

Having identified these elements of the foreign offense, the court should next turn its attention to the Pennsylvania Crimes Code for the purpose of determining the equivalent Pennsylvania offense. An equivalent offense is that which is substantially identical in nature and definition [to] the out-of-state or federal offense when compared [to the] Pennsylvania offense.

*Id.,* 367 Pa.Super. at 338–39, 532 A.2d at 1175–76.

Today, this Court formally adopts the Superior Court's approach to determining whether in-state and out-of-state offenses are "equivalents", and apply that approach in determining whether Appellee was properly sentenced as a repeat offender pursuant to 75 Pa.C.S. § 3731(e)(1).

New York State's drunk driving statute, N.Y. Veh. & Traf. Law § 1192, provides, in pertinent part, as follows:

§ 1192 Operating a motor vehicle while under the influence of alcohol or drugs

1. Driving while ability impaired. No person shall operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol.

2. Driving while intoxicated; per se. No person shall operate a motor vehicle while such person has .10 of one per centum or more by weight of alcohol in the person's blood as shown by chemical analysis of such person's blood, breath, urine or saliva, made pursuant to the provisions of section eleven hundred ninety-four of this article.

3. Driving while intoxicated. No person shall operate a motor vehicle while in an intoxicated condition.

N.Y. Veh. & Traf. Law § 1192(1)–(3).

Pennsylvania's drunk driving statute, 75 Pa.C.S. § 3731, provides, in pertinent part, as follows:

(a) Offense defined—A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances:

(1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.

(2) While under the influence of any controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, to a degree which renders the person incapable of safe driving;

(3) While under the combined influence of alcohol and any controlled substance to a degree which renders the person incapable of safe driving;

(4) While the amount of alcohol by weight in the blood of

(i) an adult is 0.10% or greater; or

(ii) a minor is 0.02% or greater.

75 Pa.C.S. § 3731(a)(1)–(4).

In the instant case, the Superior Court found that the elements of New York State's DWAI offense and Pennsylvania's DUI offense are too distinct to support a finding that they are "equivalent offenses" for purposes of determining Appellee's mandatory minimum sentence under 75 Pa.C.S. § 3731(e)(1). The Commonwealth argues that this finding was in error, because impairment is the key to both New York State's DWAI offense and Pennsylvania's DUI offense. However, in making this argument, the Commonwealth ignores the fact that New York State's DWAI offense requires an appreciably lesser degree of impairment than does Pennsylvania's DUI offense.

As this Court recently noted in *Petrovick v. Commonwealth of Pennsylvania, Dep't of Trans., Bureau of Driver Licensing*, 559 Pa. 614, 741 A.2d 1264 (1999), in order to obtain a DUI conviction under 75 Pa.C.S. § 3731(a)(1), the prosecution must prove that the defendant was in actual physical control of a vehicle while under the influence of alcohol to a degree that rendered his faculties substantially impaired, which is synonymous with the rendering him incapable of safe driving. *Id.* at

1266. In contrast, in order to obtain a DWAI conviction under N.Y. Veh. & Traf. Law § 1192(1), the prosecution need only prove that the defendant, "by voluntarily consuming alcohol, ... actually impaired, to any extent, the physical and mental abilities which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver." *People v. Cruz*, 48 N.Y.2d 419, 427, 423 N.Y.S.2d 625, 399 N.E.2d 513, 516 (1979).

It logically follows that although both Pennsylvania's DUI offense and New York State's DWAI offense are designed to protect the person and prohibit drunk driving, New York State's DWAI offense protects the public from a broader range of reckless behavior than does Pennsylvania's DUI offense. This is due to the fact that New York State's DWAI offense casts a wider net of criminal liability, making it criminal for individuals to drink to the point of **any impairment** and then proceed to operate a motor vehicle, while Pennsylvania's DUI offense only makes it criminal for individuals to drink to the point of **substantial impairment** and then proceed to operate a motor vehicle.[4] Thus, there is an appre-

---

4. It should be noted that New York State's DWAI offense is a lesser-included offense of N.Y. Veh. & Traf. Law § 1192(3), which prohibits individuals from driving while in an intoxicated condition, and requires a showing of a greater degree of impairment than does section 1192(1). *Petrovick* at 1268. More specifically, section 1192(3) requires a showing that the driver has voluntarily consumed alcohol to the point that he is no longer capable of operating a vehicle as a reasonable and prudent driver, while section 1192(1) merely requires that the driver has impaired, to any extent, his or her ability to operate a motor vehicle. *Id.* While not expressing an opinion as to whether N.Y. Veh. & Traf. Law § 1192(3) is "equivalent" to 42 Pa.C.S. § 3731(a)(1) for purposes of sentencing a defendant as a repeat offender pursuant to 42 Pa.C.S. § 3731(e)(1), we would simply note that this Court, in *Commonwealth v. Griscavage*, 512 Pa. 540, 517 A.2d 1256 (1986), defined the meaning of the term "under the influence of intoxicating liquor" for purposes of 75 Pa.C.S. § 3731(a)(1) as follows:

> The statutory expression 'under the influence of intoxicating liquor' includes not only **all the well known and easily recognized conditions and degrees of intoxication**, but also any mental or physical condition which is the result of drinking alcoholic beverages and (a) which makes one unfit to drive an automobile, or (b) which substantially impairs his judgment, or clearness of intellect, or any of the normal faculties essential to the safe operation of an automobile.

ciable difference in the elements of the in-state and out-of-state offenses at issue, and a corresponding difference in the conduct prohibited by the offenses which preclude a finding that the offenses are "equivalents".

▮   Based on the foregoing, we conclude that the Superior Court properly found that N.Y. Veh. & Traf. Law § 1192(1) is not "equivalent" to 75 Pa.C.S. § 3731(a)(1) for purposes of determining whether Appellee was a two-time repeat offender, and therefore subject to the 90 day mandatory minimum sentencing provision set forth at 75 Pa.C.S. § 3731(e)(1)(iii). Accordingly, we affirm the order of the Superior Court vacating Appellee's judgment of sentence and remanding the matter for resentencing.

Justice CAPPY files a concurring opinion in which Justices ZAPPALA and SAYLOR join.

CAPPY, Justice, concurring.

I concur in the result reached by the majority. The majority opinion reflects the reasoning of the Opinion in Support of Reversal in *Commonwealth v. Robertson, Jr.*, 555 Pa. 72, 722 A.2d 1047 (1999) (plurality), wherein we indicated that the appropriate test for determining equivalency for purposes of 75 Pa.C.S. § 3731 is a comparison of the essential elements of each offense, which necessitates an inquiry into the burden of proof required by each statute. We criticized the Opinion in Support of Affirmance for relying upon the proposition that a determination of equivalence can be based upon the similar policy objectives of each statute. In this case, the majority properly focuses on the fact that there is an appreciable difference in the elements of the New York offense and the Pennsylvania offense, and rejects the Commonwealth's policy argument that the offenses are equivalent merely because "impairment is the key" in both statutes.

However, I cannot endorse the majority opinion's enunciation of the standard because it does not properly focus the

*Id.*, 512 Pa. at 545, 517 A.2d at 1258 (quoting *Commonwealth v. Horn*, 395 Pa. 585, 590–91, 150 A.2d 872, 875 (1959)(emphasis added)).

308

inquiry upon the essential elements of the offenses. Rather, the majority continues to promote the fiction that equivalency can also be determined by the mere fact that the underlying public policy of both statutes is similar. Accordingly, I concur in the result.

Justices ZAPPALA and SAYLOR join this concurring opinion.