OPINION BY
DONOHUE, J.:
Appellant, the Commonwealth of Pennsylvania (“the Commonwealth”), appeals from the trial court’s order granting the petition of Appellee, Dennis Joseph Sam-polski (“Sampolski”), to enjoin the requirement that he register pursuant to the Sex Offender Registration and Notification Act, 42 Pa.C.S.A. § 9799.10 et seq. (“SOR-NA”). For the reasons that follow, we affirm the trial court’s order.
On June 14, 2010, Sampolski pled guilty to one count of corruption of a minor, 18 Pa.C.S.A. § 6301(a)(1), a misdemeanor in the first degree. Conviction of this crime did not require registration as a sex offender under Megan’s Law, 42 Pa.C.S.A. § 9795.1 et seq., then in effect in Pennsylvania. In exchange for Sampolski’s agreement to plead guilty to this crime, the Commonwealth dismissed the remaining charges against him, some of which were felonies that would have required registration under Megan’s Law. N.T., 6/14/2010, at 3. At the plea hearing, the factual basis for the plea was that Sampolski had corrupted the morals of a minor “by having sexual contact.” Id. at 4. The trial court sentenced Sampolski to six to twelve months of incarceration with work release, and four years of probation. Id. at 10-11.
In or around December 2012, Sampolski received notice that he would have to register as a sex offender pursuant to SOR-NA. Since the time of Sampolski’s conviction in June 2010, Pennsylvania had amended both its corruption of minors statute and its registration requirements for sex offenders. Sampolski plead guilty *1288 to 18 Pa.C.S.A. § 6301(a)(1), which in June 2010 provided as follows:
Whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.
18 Pa.C.S.A. § 6301(a)(1) (amended P.L. 482, No. 69, § 1, effective December 6, 2010) (hereinafter “Corruption (Former)”). On October 7, 2010, the Pennsylvania Legislature amended this provision, effective December 6, 2010, to provide as follows: (a) Offense defined.—
(1) (i) Except as provided in subpara-graph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.
(ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.
18 Pa.C.S.A. § 6301(a).
On December 20, 2011, the legislature replaced Megan’s Law with SORNA, effective December 20, 2012, to strengthen registration requirements for sex offenders and to bring Pennsylvania into compliance with the Adam Walsh Child Protection and Safety Act, 42 U.S.C.A. § 16901 et seq. Section 9799.14 of SORNA establishes a three-tier system of specifically enumerated offenses requiring registration for differing lengths of time.[1] 18 Pa.C.S.A. § 6301(a)(l)(ii) (hereinafter, “Corruption (F3)”), a felony of the third degree, is listed as a Tier I offense. 42 Pa.C.S.A. § 9799.14(b)(8). 18 Pa.C.S.A. § 6301(a)(l)(i), a misdemeanor of the first degree, is not listed in any tier of SORNA. Section 9799.14(b)(21) provides that a “comparable military offense or similar offense under the laws of another jurisdiction or foreign country or under a former law of this Commonwealth,” also constitutes a Tier I crime. 42 Pa.C.S.A. § 9799.14(b)(21).
Upon receiving notice from Adult Probation that he would be required to register under SORNA for 15 years,[2] on January 22, 2013, Sampolski filed a petition to enjoin any registration. On April 15, 2013, the trial court heard oral argument, and by order and memorandum opinion dated May 2, 2013, concluded that Sampolski is not required to register as a sex offender under SORNA. The Commonwealth filed a timely appeal, challenging this determination.
*1289 On appeal, the Commonwealth acknowledges that Sampolski did not plead guilty to a crime delineated under SORNA. The Commonwealth argues, however, that because Sampolski plead guilty to corruption of minors for a sexual offense, his crime was “equivalent to one of the offenses specifically listed” in SORNA — namely Corruption (F3). Commonwealth’s Brief at 9. As such, the Commonwealth contends that the crime to which Sampolski plead guilty in June 2010 is a “former law of this Commonwealth” included as a Tier I offense under SORNA in section 9799.14(b)(21). Id. at 9-10. Finally, the Commonwealth insists that the purpose of SORNA is to require the registration of sexual offenders, 42 Pa.C.S.A. § 9799.10, and that because Sampolski plead guilty to corrupting the morals of a minor through sexual contact, the legislative policy and intent of SORNA should compel his registration as a sex offender. Commonwealth’s Brief at 7-9.
The issue before us is one of statutory construction. As a result, our standard of review is de novo and the scope of our review is plenary. Commonwealth v. Samuel, 599 Pa. 166, 172, 961 A.2d 57, 60-61 (2008); Commonwealth v. Collins, 564 Pa. 144, 147 n. 1, 764 A.2d 1056, 1057 n. 1 (2001).
In determining whether Corruption (Former) is an equivalent or similar crime to Corruption (F3), such that it qualifies as a “former law of the Commonwealth” under section 9799.14(b)(21), the parties agree that this decision is governed by the analysis set forth in Commonwealth v. Northrip, 603 Pa. 544, 548, 985 A.2d 734, 736 (2009). In Northrip, our Supreme Court addressed the issue of whether a New York arson statute constituted an “equivalent crime” as Pennsylvania’s comparable arson statute for purposes of application of Pennsylvania’s “Three Strikes Law,” 42 Pa.C.S.A. § 9714(g). Our Supreme Court held as follows:
[T]he court must consider the elements of the foreign offense in terms of classification of the conduct proscribed, its definition of the offense, and the requirements for culpability. With respect to the underlying policy of the statutes, we hold that analysis of policy considerations is appropriate, though not controlling.
Northrip, 603 Pa. at 554, 985 A.2d at 740 (quoting Commonwealth v. Shaw, 560 Pa. 296, 303, 744 A.2d 739, 743 (2000)).
In comparing the elements of Corruption (Former) with those of Corruption (F3), it is clear that they are not equivalent crimes, as the Commonwealth contends. To the contrary, as Sampolski argues, they are distinct crimes with different elements. Sampolski’s Brief at 15. Corruption (Former) may be satisfied by a single action (“any act”), whereas Corruption (F3) requires multiple actions amounting to a “course of conduct.” Corruption (Former) is satisfied by any act that tends to corrupt the morals of a minor, whereas Corruption (F3) requires a more specific subset of actions — namely those that violate Chapter 31 (relating to sexual offenses). Similarly, Corruption (Former) is violated if the person who “aids, abets, entices or encourages” a minor in the commission of any crime, whereas Corruption (F3) is more narrowly limited to aiding or encouraging a violation of a sexual offense under Chapter 31.
Finally, the two crimes are different because Corruption (Former) is a misdemeanor of the first degree, whereas Corruption (F3) is a felony of the third degree. Citing to, inter alia, Northrip, the Commonwealth contends that “the grading of the offenses does not seem to be among the factors to consider when deciding *1290 whether the offenses are equivalent.” Commonwealth’s Brief at 11. We cannot agree, as the Supreme Court in Northrip specifically included “classification of the conduct proscribed” as a key determinant in the equivalency analysis. Northrip, 603 Pa. at 554, 985 A.2d at 740.
In comparing the two crimes, the trial court reached the same conclusion, that “[e]ach section has separate and distinct elements and are not similar.” Trial Court Opinion, 6/18/2013, at 2. As a result, the trial court determined that Sampolski “does not fall under the ambit of SORNA as SORNA only applies to § 6301(A)(1)(h), and the offense to which [Sampolski] pled is identical to the current § 6301(A)(l)(i).” Id. We agree that the crime to which Sampolski plead guilty (Corruption (Former)) is equivalent to the current section 6301(A)(l)(i), as both may be violated by a single act, are not limited to sexual offenses under Chapter 31, and are misdemeanors of the first degree. If the Pennsylvania Legislature had intended for violations of current section 6301(A)(l)(i) involving sexual offenses to require registration under SORNA, it could have so indicated in section 9799.14. Id. Because it did not do so, we must conclude that the trial court did not err in granting Sampolski’s petition to enjoin any requirement that he register under SORNA.[3]
Order affirmed.

. Pursuant to section 9799.15, a person convicted of a Tier I offense must register for 15 years, a Tier II offense for 25 years, and a Tier III offense for the life of the individual. 42 Pa.C.S.A. § 9799.15(a).

. Although Sampolski plead guilty prior to the effective date of SORNA, section 9799.13(2) requires registration for any individual who, having previously pleaded guilty to an enumerated offense, remained under supervision (probation or parole) on its effective date. 42 Pa.C.S.A. § 9799.13(2).

. Based upon this disposition, we need not address Sampolski's contention that registration would deprive him of the benefit of his plea bargain. See Commonwealth v. Hainesworth, 82 A.3d 444 (Pa.Super.2013) (en banc).