J-S07027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAMION GLENROY DAVIS | : | |
| | : | |
| Appellant | : | No. 1055 MDA 2018 |

Appeal from the Judgment of Sentence Entered February 6, 2018
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0001836-2017

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MAY 31, 2019**

Damion Glenroy Davis appeals from the judgment of sentence entered following his jury trial convictions for possession with intent to deliver ("PWID") and criminal use of a communication facility.[1] Davis challenges the weight and sufficiency of the evidence. He also maintains that the trial court erred in denying his motion in *limine*. We affirm.

The facts giving rise to the convictions above are as follows:

[Davis] and confidential informant (CI) had known each other for approximately eight years, and CI had previously purchased drugs from [Davis]. On November 3, 2016, on two separate occasions, [Davis] delivered drugs to CI during controlled buys. The night before the transaction occurred, CI, who had [Davis's] contact information, made contact with [Davis] via text message and Facebook seeking cocaine. CI used the coded term "basketball" to

---

*   Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 7512(a), respectively.

request a specific amount of cocaine – three and a half grams. Communication to determine price and arrange the exchange followed. Trooper Douglas Rost (Trooper) provided funds to CI for the drug purchase. CI again texted [Davis] and was told to meet. Trooper drove CI to the appointed place where CI then purchased cocaine from [Davis] for the agreed amount. . . . [Davis] was subsequently arrested and charged accordingly.

Trial Court Pa.R.A.P. 1925(a) Opinion ("TCO"), filed 9/18/18 on 2-3 (footnotes omitted).[2]

Prior to trial, Davis filed a motion in *limine* to preclude the text messages between Davis and the CI, making arrangements to sell cocaine. At the hearing on the motion, defense counsel argued that the Commonwealth could not authenticate the text messages and also argued that the messages were hearsay. In response to the hearsay argument, the trial court stated that "[t]here's nothing asserted in there." N.T., 12/11/13, at 17. The Commonwealth argued that proper authentication of the texts would be through the testimony of the CI. It did not address counsel's argument regarding hearsay. The trial court ordered: "The admission of any text message evidence shall be dependent on the Commonwealth's ability to lay a foundation of authenticity prior to the showing, identification, and/or admission of said text messages at trial." *Id.* at 18.

At trial, prior to the admission of the text messages, the CI testified that he had called Davis numerous times during the six months before the day in question at the phone number involved in the text messages, and he

---

[2] The Commonwealth charged Davis with PWID for cocaine and marijuana, but the jury found Davis guilty of only PWID for cocaine. *See* Verdict Sheet, filed 12/13/17.

recognized Davis's voice as the person answering. He also testified that he

identified the phone number associated with the texts as being the number

he used to contact Davis:

> [Assistant District Attorney (ADA)]: The – is there anything about that document that helps you to refresh your recollection as to the number that you contacted or that number that you had to contact for Jega [Davis' nickname]?
>
> [CI]: Yes
>
> [ADA]: And prior to this particular day, how long had that been a contact number for Jega?
>
> [CI]: I believe six months.
>
> [ADA]: Okay. You had another number before that?
>
> [CI]: Yes.
>
> [ADA]: And in that six months, had you ever contacted Jega either by text or by telephone at the particular number that you – that these texts came and went to?
>
> [CI]: Repeat the question again.
>
> [ADA]: Okay. Before November 3rd, had – how often or how many times –
>
> The Court: No. Had you contacted somebody at that number prior to November 3rd?
>
> The Witness: Yes. Yes.
>
> [ADA]: Okay. And who did that person – who did that person turn out to be?
>
> [CI]: Jega.
>
> [ADA]: How do you know that?

[CI]: That's who owned the number that he used I guess.

[ADA]: I'm sorry.

[CI]: That's the number that he used.

[ADA]: That's the number he used?

[CI]: Yes.

[ADA]: Had you also had phone conversations with him at that number?

[CI]: Yes, and through Facebook.

[ADA]: And you've known Jega since I believe you said 2010?

[CI]: Yes.

[ADA]: You recognize his voice over the telephone?

[CI]: Yes.

N.T., Trial, 12/12/17, at 130-31. When the Commonwealth moved to admit the text messages into evidence, defense counsel objected on the basis of hearsay and authentication. The trial court overruled the objection. *Id.* at 133.

The jury found Davis guilty of PWID for cocaine and use of a communication facility. The trial court sentenced him to an aggregate term of 15 to 30 months' incarceration followed by a consecutive term of 24 months' reporting probation. The trial court also ordered him to perform 48 hours of community service. Davis filed a post-sentence motion, which the trial court denied. This timely appeal followed.

Davis asks us to review the following:

I.    Whether the evidence was insufficient to sustain the verdicts of guilt?

II.   Whether the trial court erred in denying [Davis's] motion in *limine*?

III.  Whether the trial court erred in admitting text messages allegedly authored by [Davis] and testimony regarding the text messages?

IV.   Whether the verdicts were against the weight of the evidence?

Davis' Br. at 6.

**SUFFICIENCY OF EVIDENCE**

When reviewing a challenge to the sufficiency of the evidence, we consider the evidence in the light most favorable to the Commonwealth as verdict-winner, making all reasonable inferences in favor of the prosecution. *See Commonwealth v. Neysmith*, 192 A.3d 184, 189 (Pa.Super. 2018) (citing *Commonwealth v. Widmer*, 744 A.2d 741, 751 (Pa. 2000)). Our standard of review is *de novo* and our scope of review is plenary. *Id.* "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Dix*, -- A.3d --, 2019 PA Super 102, at * 5 (filed April 1, 2019) (quoting *Commonwealth v. Brown*, 23 A.3d 544, 559 (Pa.Super. 2011) (*en banc*)).

First, Davis argues that the evidence for his PWID conviction was insufficient because "[t]he testimony and evidence at trial did not prove

beyond a reasonable doubt that [Davis] had possession of cocaine or that he transferred cocaine to [the CI]." Davis' Br. at 10. We disagree.

To sustain a conviction for PWID, "the Commonwealth must prove that the defendant 'possessed a controlled substance and did so with the intent to deliver it.'" **Commonwealth v. Sarvey**, 199 A.3d 436, 450 (Pa.Super. 2018) (citation omitted).

Davis maintains that the testimony from the CI did not make sense and therefore was insufficient to sustain the PWID conviction. **See** Davis' Br. at 11. Davis thus challenges the credibility of CI's testimony, which is a matter of weight rather than sufficiency. **See Commonwealth v. Palo**, 24 A.3d 1050, 1055 (Pa.Super. 2011) (stating attacking credibility of witness goes to weight, rather than sufficiency of the evidence).

Here, the Commonwealth presented testimony from the CI who stated that he met with Trooper Rost prior to purchasing narcotics from Davis. **See** N.T., at 111. The CI testified that he texted Davis requesting the price of a "basketball," which meant cocaine. **Id.** at 137. He texted Davis that he would meet him the next day. **Id.** at 139. The following day, the CI met with Davis and gave him the prerecorded buy money that he received from Trooper Rost. **Id.** at 34. After meeting with Davis, the CI returned to Trooper Rost with what Trooper Rost "immediately believed to be cocaine." **Id.** at 44. While meeting with Davis, the CI was out of Trooper Rost's view for "less than 30 seconds." **Id.** at 35. These facts were sufficient to establish that Davis was in possession of a controlled substance, *i.e.,* cocaine, and possessed it with the intent to

deliver. **See Commonwealth v. Lee**, 956 A.2d 1024, 1028 (Pa.Super. 2008) (evidence was sufficient for PWID conviction where police officers observed defendant engage in two narcotics transactions and recovered narcotics from buyers).

Additionally, this same evidence negates Davis' argument that there was insufficient evidence to sustain the conviction for criminal use of a communication facility. To sustain such a conviction, the Commonwealth must prove "that [a] person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime" under the Controlled Substance, Drug, Device and Cosmetic Act. 18 Pa.C.S.A. § 7512(a). A communication facility is "a public or private instrumentality used or useful in the transmission of signs, signals, writing, images, sounds, data or intelligence of any nature transmitted in whole or in part, including, but not limited to, telephone, wire, radio, electromagnetic, photoelectronic or photo-optical systems or the mail." 18 Pa.C.S.A. § 7512(c). The CI's testimony established that Davis was using a communication facility, *i.e.*, his cell phone, to further his intent to sell cocaine. No relief is due.

## MOTION IN *LIMINE*

We review the denial of a motion in *limine* for an abuse of discretion. **Commonwealth v. Hitcho**, 123 A.3d 731, 747 (Pa. 2015). "An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law." **Commonwealth v. Cox**, 115 A.3d 333, 336 (Pa.Super. 2015) (*en banc*)

(quoting **Commonwealth v. Collins**, 70 A.3d 1245, 1251 (Pa.Super. 2013)). "[T]he trial court must balance the evidentiary value of the evidence against the potential dangers of unfairly prejudicing the accused, inflaming the passions of the jury, or confusing the jury." Hitcho, 123 A.3d at 748.

Davis argues the trial court should have granted the motion in *limine* because the Commonwealth did not establish the admissibility of the text messages and the trial court erred in admitting the messages into evidence because the Commonwealth failed to authenticate the messages. In support of this argument, Davis cites **Commonwealth v. Koch**, 39 A.3d 996 (Pa.Super. 2011).

In **Koch**, this Court held that the trial court abused its discretion by allowing the admission of drug related text messages into evidence. **Id.** at 1006-07. Koch appealed her drug related convictions, claiming that the trial erred in its admittance of text messages from her cell phone. **Id.** at 1000. The Commonwealth's evidence against Koch were drug related text messages from Koch's phone and narcotics found in her home. **Id.** At trial, the Commonwealth presented testimony from an officer who confiscated Koch's cell phone. **Id.** at. 1002. He testified about the contents of the drug related text messages from Koch's phone but admitted that "the author of the drug-related text messages could not be ascertained." **Id.** at 1003. Additionally, "[n]o testimony was presented from persons who sent or received the text messages." **Id.** at 1005. We concluded that "[t]he jurors had to believe the actual text of the text messages, that is, the matters asserted therein, to

grasp what the text messages were offered at trial to prove," and therefore the messages constituted inadmissible hearsay. *Id.* at 1006. We reversed the judgment of sentence and in an equally divided opinion, our Supreme Court affirmed. The Court concluded that "the messages were out-of-court statements that were relevant, and indeed proffered, for a purpose that depended upon the truth of their contents, as probative of [Koch's] alleged intent to deliver." *Commonwealth v. Koch*, 106 A.3d 705, 717 (Pa. 2014) (opinion in support of affirmance).

Davis maintains that a new trial is required here because he never identified the phone number as his own, his phone was not seized, and no messages from his phone were presented at trial. *Id.* at 18. We will address the admissibility and authentication issues separately.

*ADMISSIBILITY*

Davis argues that "[m]essages being offered by the Commonwealth to demonstrate drug activity or an intent to deliver are the exact type of messages held to be inadmissible hearsay." Davis' Br. at 26 (citing *Koch*, 39 A.3d at 1006). The Commonwealth provides no argument regarding this issue.

We review a claim challenging the trial court's decision to admit evidence for an abuse of discretion. *Commonwealth v. Elliott*, 80 A.3d 415, 446 (Pa. 2013). "Hearsay is an out-of-court statement offered for the truth of the matter asserted and is inadmissible unless it falls within an exception to the hearsay rule." *Commonwealth v. Mosley*, 114 A.3d 1072, 1084

- 9 -

(Pa.Super. 2015). Where "[t]he jurors had to believe the actual text of the text messages," the messages are being offered to prove the context of the messages. **Koch**, 39 A.3d at 1006. Here, the trial court concluded that the text messages were not offered for the truth of the matter asserted but rather "the messages were offered to demonstrate activity involving the distribution or intent to distribute drugs and the relationship between [Davis] and CI sending and receiving messages with each other." TCO at 6.

Unlike **Koch**, the text messages here were not offered for their truth. Jurors in this case did not need "to believe the actual text of the text messages" in order for them to comprehend the Commonwealth's point. **See Koch**, 39 A.3d at 1006. The texts related to plans to sell cocaine in the future, and were relevant to show Davis's intent to make the sale. They were not offered to prove that he was actually selling narcotics. Therefore, we conclude that the trial court did not err in admitting the messages into evidence because the messages were not hearsay.

*AUTHENTICATION*

"The authentication inquiry will, by necessity, be fact-bound and case-by-case." **Koch**, 106 A.3d at 714. The standard for authenticating text messages is not "an elevated *prima facie* plus" standard. **Id.** at 714. Rather, the Commonwealth must only "show that the message is what the Commonwealth claims it to be." **Id.**

Here, unlike **Koch**, there was "first-hand corroborating testimony from . . . [the] recipient." **Id.** at 713 (stating that "[t]his Court has not yet spoken

on the manner in which text messages may be authenticated where, as here, there is no first-hand corroborating testimony from either author or recipient."). The CI, the recipient of the text messages, testified that he identified the phone number to be that of Davis and that following this text messaging conversation he met with Davis and obtained the very drugs that they discussed in the messages. Thus, the Commonwealth laid a proper foundation to authenticate the messages.

**WEIGHT OF THE EVIDENCE**

We review the denial of a weight claim for an abuse of discretion. ***See Commonwealth v. Clay***, 64 A.3d 1049, 1054-55 (Pa. 2013). A court may not grant a new trial on a weight claim based on a mere inconsistency in the testimony, or because it would have come to a different conclusion based on the facts presented. ***Id.*** at 1055. "When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited." ***Commonwealth v. Gibbs***, 981 A.2d 274, 282 (Pa.Super. 2009) (quoting ***Commonwealth v. Trippett***, 932 A.2d 188, 198 (Pa.Super. 2007)). "[U]nless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review." ***Id.*** (quoting ***Trippett***, 932 A.2d at 198).

Davis claims that the trial court abused its discretion in denying his weight claim because the testimony of his wife, Ashley Davis, contradicted the

testimony of the CI. Additionally, he notes that the jury did not find the testimony of the CI credible regarding the sale of marijuana.

As the fact-finder, the jury "is free to believe all, part, or none of the evidence." *See Commonwealth v. Clemons*, 200 A.3d 441, 462 (Pa. 2019). The jury here found credible the CI's testimony that after texting Davis, he met with him and purchased cocaine. In finding that testimony credible, it discredited the testimony of Davis's wife that the phone number the CI contacted was not Davis's number; she never saw Davis texting or talking on the phone the day of the incident; and Davis had no money that day. *See* N.T., Trial, 12/13/17, at 14-15. Davis's argument is solely predicated on the credibility of the witnesses and therefore, based on our "extremely limited review," we conclude that the trial court did not abuse its discretion. *Gibbs*, 981 A.2d at 282 (affirming PWID conviction where weight of the evidence claim was solely based on the credibility of witnesses).

Judgment of sentence affirmed.

Judge Pellegrini joins the Memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/31/2019

- 12 -