J-A06015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES WILLIAM WOODWORTH | : | |
| | : | |
| Appellant | : | No. 450 WDA 2023 |

Appeal from the Judgment of Sentence Entered March 15, 2023
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000075-2023

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

MEMORANDUM BY LAZARUS, P.J.:　　　　　　　**FILED: April 4, 2024**

James William Woodworth appeals from the judgment of sentence, entered in the Court of Common Pleas of Erie County, after he, acting *pro se*, entered a plea of *nolo contendere* to one count of driving under the influence (DUI)—high rate of alcohol.[1]  After careful consideration, we affirm.

At the plea hearing on March 15, 2023, the Commonwealth set forth the following facts of this case, to which Woodworth pled no contest:

> [I]t is alleged on or about October 14[,] 2022[,] in Erie County, [Woodworth] did drive, operate[,] or was in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in [his] blood or breath was at least .10 percent, but less than .16 percent within two hours after [he] operated a 1995 Chevrolet pickup [truck,] occurring in the area of Buffalo Road and Bartlett Road[,] in the Harborcreek Township of Erie County[,] with a blood[-]alcohol concentration of .122 percent.  Thereby, [Woodworth] committed

---

[1] **See** 75 Pa.C.S.A. § 3802(b).

the crime of driving under the influence with a high rate of alcohol, second offense, a misdemeanor.

N.T. Plea Hearing, 3/15/23, at 11. Woodworth was charged with DUI—high rate of alcohol and DUI—general impairment.[2]

In exchange for Woodworth's hybrid[3] no contest plea, the Commonwealth agreed to withdraw his DUI—general impairment charge. On Woodworth's written no contest plea colloquy, which he signed and is dated March 15, 2023, paragraph 5 sets forth the entirety of Woodworth's plea agreement with the Commonwealth, and states as follows:

> I understand that any plea bargain in my case is set forth here and that there has been no other bargain and no other promise or threat of any kind to induce me to plead guilty/no contest. The only plea bargain in my case is pleading guilty to Count 1. In exchange, the Commonwealth will *nolle prosse* remaining counts, with costs on the defendant. CC/mw [sic]
>
> The defendant hereby declares that for purposes of computing the mandatory minimum sentence stated above, this case is [his] 2nd conviction for DUI within the last ten (10) years, including Pennsylvania and any other state.

Written No Contest Plea Colloquy, 3/15/23, at 1 (emphasis in original). At the conclusion of the hearing, the trial court accepted Woodworth's plea and sentenced him that same day to six months' probation with restrictive conditions, to begin with thirty days' electronic monitoring, and to pay costs and a fine. Woodworth did not file a post-sentence motion.

---

[2] 75 Pa.C.S.A. § 3802(a)(1).

[3] A "hybrid" plea is one in which the parties did not bargain for a specific sentence but negotiated as to a certain aspect of the sentence. **See Commonwealth v. Heaster**, 171 A.3d 268, 271 (Pa. Super. 2017).

Woodworth filed a timely counseled notice of appeal, and court-ordered

Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Woodworth raises the following issue for our review:

Whether [Woodworth's] plea was knowingly, intelligently and voluntarily made[,] and his sentence legal[,] when it was improperly enhanced with a DUI—2nd offense[,4] based upon [Woodworth's] prior [2017 driving while ability impaired] [(]DWAI[)5 conviction] in New York state[, and] the New York DWAI [l]aw is not "substantially similar" to Pennsylvania's DUI [l]aw[,6] as required under 75 Pa.C.S.A. § 3806[?]

Appellant's Brief, at 4.

Woodworth raises two distinct claims,7 which we address separately.

First, Woodworth challenges the validity of his plea insofar as it caused him to

_____

4 The court sentenced Woodworth pursuant to 75 Pa.C.S.A. §§ 3804(b)(2) and 3806(a)(3), as a second-time offender for DUI—high rate of alcohol. **See** 75 Pa.C.S.A. § 3806(a)(3) ("Except as set forth in subsection (b), the term "prior offense" . . . shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for . . . an offense substantially similar to an offense under [section 3802] or [under former section 3731] in another jurisdiction[.]").

5 **See** NY CLS Veh & Tr § 1192.

6 **See** 75 Pa.C.S.A. § 3802.

7 **See Commonwealth v. Jabbie**, 200 A.3d 500, 505 (Pa. Super. 2018) ("Generally, upon entry of a guilty [or *nolo contendere*] plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the legality of the sentence imposed.") (citations, quotation marks, and brackets omitted). Here, despite how Woodworth frames the single question presented, his claim implicates issues relating both to the validity of his plea and to the legality of his sentence.

- 3 -

be subject to an illegal sentence. Second, Woodworth challenges the legality of his sentence.

Woodworth argues that his no contest plea to DUI—high rate of alcohol was not knowingly, voluntarily, and intelligently entered insofar as his sentence is illegal. More specifically, Woodworth claims that his sentence is illegal because the New York DWAI law is not substantially similar to Pennsylvania's DUI law, as required under 75 Pa.C.S.A. § 3806(a)(3), and therefore, he concludes that the trial court had no authority to sentence him as a second-time offender. *See* 75 Pa.C.S.A. §§ 3804(b)(2), 3806. In connection with this legality claim, Woodworth asserts that our prior decision addressing this issue in *Commonwealth v. Pombo*, 26 A.3d 1155 (Pa. Super. 2011), incorrectly decided the question of substantial similarity between New York's DWAI statute and Pennsylvania's DUI statute because the *Pombo* Court: (1) neglected to conduct any similarity analysis between the relevant statutes and (2) failed to analyze the issue of legal—as compared with illegal—conduct. *See* Appellant's Brief, at 11-12, citing *Commonwealth v. Shaw*, 744 A.2d 739 (Pa. 2000). Particularly, Woodworth argues that his 2017 arrest and conviction in New York would not constitute a crime in Pennsylvania because, in New York, he was convicted of having a blood-alcohol concentration of .07% or less, which does not amount to a crime in Pennsylvania, and therefore, the relevant DWAI and DUI statutes are not substantially similar. Woodworth concludes that the term "substantially similar" in Section 3806 is ambiguous and must be interpreted in similar

fashion to the equivalency test set forth by our Supreme Court in **Shaw**, 744 A.2d at 740.[8]  In sum, Woodworth argues that, pursuant to **Shaw**, the New York DWAI law is not substantially similar to the Pennsylvania DUI law, and therefore, Woodworth's sentence is illegal where the court sentenced him for a second offense under the Pennsylvania DUI law instead of sentencing him as a first-time offender, thereby causing Woodworth to enter an involuntary no contest plea.  Woodworth is not entitled to relief.

Here, Woodworth challenges the validity of his plea insofar as it caused him to be subject to an illegal sentence.  Thus, he is challenging the validity of his plea post-sentencing, as well as the legality of his sentence.

It is well-settled that withdrawal of a *nolo contendere* plea after sentencing is only permitted upon a showing of prejudice amounting to manifest injustice.  **See Commonwealth v. Jackson**, 569 A.2d 964, 966 (Pa. Super. 1990).  "Post-sentence motions for withdrawal [of a plea] are subject to higher scrutiny since courts strive to discourage the entry of guilty pleas[9] as sentencing-testing devices."  **Commonwealth v. Kpou**, 153 A.3d 1020, 1023 (Pa. Super. 2016) (citations, quotation marks, and brackets omitted).

Further, a defendant's direct appeal challenge to the voluntariness of his plea must be properly preserved in the trial court—either by objecting during

---

[8] As we noted in **Pombo**, after the **Shaw** decision, the General Assembly replaced the terms relating to equivalency with "substantially similar."  **See Pombo**, 26 A.3d at 1159-60, citing **Shaw**, 744 A.2d at 738 n.5.

[9] **See Jabbie**, 200 A.3d at 505 (plea of *nolo contendere* is treated same as guilty plea).

the plea colloquy or by filing a motion to withdraw the plea within ten days of sentencing—or that voluntariness challenge will be waived. ***See Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa. Super. 2013), citing Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). This is because "[i]t is for the court [that] accepted the plea to consider and correct, in the first instance, any error [that] may have been committed." ***Commonwealth v. Roberts***, 352 A.2d 140, 141 (Pa. Super. 1975).

Here, we may not review Woodworth's voluntariness claim on direct appeal because he failed to preserve it properly by either objecting during the plea colloquy or by filing a post-sentence motion to withdraw his plea. ***See*** Pa.R.Crim.P. 720(B)(1)(a)(i). Therefore, we conclude Woodworth has waived the challenge to the validity of his plea.[10] ***See Lincoln***, 72 A.3d at 609-10.

_____

[10] Even if not waived, we would find this issue meritless insofar as: (1) Woodworth pled no contest at his plea hearing to the fact that, by his acts, "[Woodworth] committed the crime of driving under the influence with a high rate of alcohol, **second offense**, a misdemeanor[,]" N.T. Plea Hearing, 3/15/23, at 11 (emphasis added), and his written plea colloquy, which recited Woodworth's plea agreement with the Commonwealth, included that, "[t]he defendant hereby declares that **for purposes of computing the mandatory minimum sentence** stated above, **this case is [his] 2nd conviction for DUI within the last ten (10) years**, including Pennsylvania and any other state." Written No Contest Plea Colloquy, 3/15/23, at ¶ 5 (emphasis added). It is well-established that "[a] defendant is bound by the statements he makes during his plea colloquy[] and may not assert grounds for withdrawing the plea that contradict statements made when he pled." ***Commonwealth v. McCauley***, 797 A.2d 920, 922 (Pa. Super. 2001) (citation omitted). Consequently, Woodworth is bound by his statements made during his no contest plea that his instant DUI conviction amounts to a second conviction for sentencing purposes and that he was aware of such at the time of his plea and sentencing. ***See*** N.T. Plea Hearing, 3/15/23, at 10-13.

As to Woodworth's legality of sentencing claims, we note that issues challenging the legality of sentence cannot be waived. *See Commonwealth v. Hoffman*, 198 A.3d 1112, 1122-23 (Pa. Super. 2018). Our standard of review for a legality of sentence claim—which is an issue of law—is *de novo* and our scope of review is plenary. *See Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa. 2013). Claims challenging the fundamental legal authority of the court to impose a sentence constitute a legality of sentence issue. *See Commonwealth v. Catt*, 994 A.2d 1158, 1160 (Pa. Super. 2010) (en banc). Where there is no statutory authorization for a sentence, it is illegal, subject to correction, and must be vacated. *See Commonwealth v. Watson*, 945 A.2d 174, 178-79 (Pa. Super. 2008).

Here, Woodworth states in his appellate brief that he "was convicted under an amendment to the New York DWAI [l]aw which amended § 1192(2) and added the threshold alcohol concentration of .08%[.]" Appellant's Brief, at 9 n.3. However, beyond this statement, Woodworth has failed to include in the certified record any documentation of his New York DWAI conviction, which documentation is necessary for this Court to conduct the merits review of Woodworth's underlying claim of illegality of his sentence. Because Woodworth failed to meet his responsibility to provide a record sufficient to permit meaningful appellate review of his illegality of sentencing claim,[11] we

_____

[11] Woodworth complains that no record of his New York DWAI conviction was made part of the sentencing court record. *See* Appellant's Brief, at 5 n.1. *(Footnote Continued Next Page)*

deem that issue unreviewable.[12]  *See Commonwealth v. Martz*, 926 A.2d 514, 524-25 (Pa. Super. 2007) (it is appellant's responsibility to supply appellate courts with complete record for purposes of review and failure to do

_____

Nevertheless, we note that Woodworth negotiated, agreed, and stipulated to the valid existence of that prior conviction in his written plea colloquy, as well as verbally pled no contest to the fact that his Pennsylvania DUI conviction was his second offense for sentencing purposes.  *See*, *e.g.*, *Commonwealth v. Mitchell*, 902 A.2d 430, 460 (Pa. 2006) ("A stipulation is a declaration that the fact agreed upon is proven[.]"); *see also Commonwealth v. Padilla*, 80 A.3d 1238, 1272 (Pa. 2013) (stipulation alone provided sufficient proof to support aggravating factor); *Mead Johnson & Co. v. Breggar*, 189 A.2d 866, 868 (Pa. 1963) (finding no need for proofs of matters upon which parties stipulated); *McCauley*, 797 A.2d at 922 (defendant is bound by statements made during plea colloquy and may not assert grounds for withdrawing plea that contradict those statements).  Consequently, it is of no moment that there is no physical record of Woodworth's New York conviction in the sentencing court's record since the parties declared the fact that Woodworth committed a second offense for sentencing purposes to be proven.  Moreover, Woodworth never challenged the propriety of the stipulation and agreement with the Commonwealth, and never claimed he lacked knowledge of the existence of his prior DWAI conviction.

[12] Even if we were able to address it on the merits, we would find this legality of sentence issue warrants no relief because we conclude that we are constrained to follow our prior decision in *Pombo*, especially because Woodworth has failed to differentiate his case from the issues decided therein. *See Pombo*, 26 A.3d at 1159 (concluding "substantially similar" is not ambiguous as used in 75 Pa.C.S.A. § 3806(a)(3) and the New York DWAI statute satisfies the requirements thereof and rejecting argument relying on equivalence test set forth in *Shaw*, 744 A.2d 739); *see also Commonwealth v. Pepe*, 897 A.2d 463, 465 (Pa. Super. 2006) ("It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court[.]"); *see also Commonwealth v. Sullivan*, 299 A.3d 881, at *4-*5 (Pa. Super. 2023) (Table) (concluding *Pombo* governs whether trial court should count defendant's New York DWAI conviction as prior offense because that offense is "substantially similar," pursuant to Section 3806, to Pennsylvania DUI offense under Section 3802).  *See* Pa.R.A.P. 126(b) (non-precedential decisions of this Court filed after May 1, 2019 may be cited for their persuasive value).

so results in appellate court's inability to consider anything not of record); **see also** Pa.R.A.P. 1926(b)(2) (record may be supplemented "by the parties by stipulation filed in the trial court, [and] the parties shall file in the appellate court a copy of any stipulation filed pursuant to this rule, and the trial court shall certify and transmit as a supplemental record the materials described in the stipulation").

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

4/4/2024