Darius Carter,                              :
               Petitioner          :
                                            :
            v.                            :
                                              :
Pennsylvania Parole Board,        :   No. 404 C.D. 2024
               Respondent       :   Submitted: July 7, 2025


BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED:  April 20, 2026

Darius Carter (Carter) petitions this Court for review of the Pennsylvania Parole Board's (Board) decision mailed March 4, 2024, denying his request for administrative relief.  Carter is represented in this matter by Steven E. Burlein, Esquire (Counsel) who has filed an Application to Withdraw as Counsel (Application) and submitted a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) (*Turner* Letter)[1] in support thereof.  After review, this Court denies Counsel's Application without prejudice.

---

[1]    Through this type of letter, an attorney seeks to withdraw from representation of a parole violator because "the [violator's] case lacks merit, even if it is not so anemic as to be deemed wholly frivolous."  *Com*[*monwealth*] *v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

        Such letters are referred to by various names by courts of this Commonwealth.  *See, e.g., Commonwealth v. Porter*, . . . 728 A.2d 890, 893 [] n.2 ([Pa.] 1999) (referring

Carter is currently incarcerated at the State Correctional Institution (SCI) at Phoenix.[2] On January 5, 1998, the Montgomery County Common Pleas Court sentenced Carter on two counts of robbery to an aggregate sentence of 10 to 20 years (Original Sentence) with a maximum sentence release date of May 9, 2017. *See* Certified Record (C.R.) at 1. On May 9, 2007, the Board granted Carter parole and released him with special conditions. *See* C.R. at 9. On or about August 1, 2008, the Board determined that Carter violated his parole and recommitted him for therapeutic community programming, with the same May 9, 2017 maximum sentence release date. The Board reparoled Carter on or about February 23, 2009. *See* C.R. at 16-17. The Board found Carter in violation of parole several more times between 2009 and 2019, for both technical violations and as a convicted parole violator.[3]

On January 22, 2019, federal authorities arrested Carter for offenses pertaining to an October 18, 2018 robbery. Thereafter, Curran-Fromhold Correctional Facility's warden transferred Carter to federal custody until the final disposition of the federal charges. The United States (U.S.) District Court found Carter guilty of two counts of Interference with Interstate Commerce by Robbery[4]

---

to such a letter as a "'no merit' letter" and noting that such a letter is also commonly referred to as a "*Finley* letter," referring to the Superior Court case *Commonwealth v. Finley*, . . . 479 A.2d 568 ([Pa.] 1984)); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) ("*Turner* [L]etter"); *Commonwealth v. Blackwell*, 936 A.2d 497, 499 (Pa. Super. [] 2007) ("*Turner/Finley* letter").

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 n.2 (Pa. Cmwlth. 2009).

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1204 n.2 (Pa. Cmwlth. 2020).

[2] *See* http://inmatelocator.cor.pa.gov (last visited Apr. 17, 2026).

[3] These violations appear in the Certified Record on pages 18 through 48, but are not summarized herein, as they are not relevant to the issues raised in Carter's Petition for Review.

[4] *See* 18 U.S.C.S. § 1951(a)-(b).

(Federal Charges) on December 13, 2019.  On December 8, 2022, the U.S. District Court sentenced Carter to serve 134 months on each count, running concurrently.  *See* C.R. at 84-85, 98.  The new convictions on the Federal Charges (Federal Convictions) were verified to the Board on February 15, 2023, and Carter was returned to an SCI the same day.  *See* C.R. at 57, 104.

By May 10, 2023 decision (mailed May 25, 2023), the Board revoked Carter's parole based on the Federal Convictions.  The Board recommitted Carter to serve 30 months on his Original Sentence, and recalculated his maximum sentence release date to May 14, 2030.  *See* C.R. at 130.  On June 21, 2023, Carter filed a pro se administrative remedies form with the Board.  By decision mailed March 4, 2024, the Board affirmed its May 10, 2023 decision (mailed May 25, 2023).  Carter appealed to this Court.[5]

On October 9, 2024, Counsel filed the Application and the *Turner* Letter, asserting therein that Carter's issues lack merit.  By October 11, 2024 Order (Order), this Court informed Carter that he may, within 30 days after service of the Order on him by Counsel, either obtain substitute counsel at his own expense and have new counsel enter an appearance and file a brief in support of the Petition for Review (Petition), or file a brief on his own behalf.[6]  On November 18, 2024, Carter filed a pro se brief.

Before addressing Carter's substantive arguments, this Court must assess the adequacy of Counsel's *Turner* Letter.  This Court has explained:

> "A [*Turner*] letter must include an explanation of 'the nature and extent of counsel's review and list each issue

---

[5] This Court's "review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Johnson v. Pa. Bd. of Prob. & Parole*, 206 A.3d 88, 91 n.3 (Pa. Cmwlth. 2019) (quoting *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013)).

[6] On October 21, 2024, Counsel served the Order on Carter.

the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Seilhamer*[ *v. Pa. Bd. of Prob. & Parole*], 996 A.2d [40,] 43 [(Pa. Cmwlth. 2010)] (quoting *Turner*, 544 A.2d at 928) (some alterations omitted). As long as a *Turner* letter satisfies these basic requirements, [this Court] may then review the soundness of a petitioner's request for relief. *Zerby*[ *v. Shanon*], 964 A.2d [956,] 960 [(Pa. Cmwlth. 2009)]. However, **if the *Turner* letter fails on technical grounds**, [**this Court**] **must deny the request for leave to withdraw**, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of their client. *Id*.

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1207 (Pa. Cmwlth. 2020) (emphasis added). "[C]ounsel must fully comply with the procedures outlined in *Turner* to ensure that each of the petitioner's claims has been considered and that counsel has [] substantive reason[s] for concluding that those claims are meritless." *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996). Counsel is also required to "notify the parolee of his request to withdraw, furnish the parolee with [] a copy of . . . [the] no-merit letter satisfying the requirements of *Turner*, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf." *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). This Court must then "conduct its own independent review of the petition to withdraw and must concur in counsel's assessment before [it] may grant counsel leave to withdraw." *Hont*, 680 A.2d at 48.

Here, Counsel stated in his *Turner* Letter that he reviewed the Certified Record and Carter's Petition, and consulted and corresponded with Carter. Further, Counsel presented the procedural history of Carter's case, and set forth and addressed the issues Carter raised in his administrative appeals. In addition, Counsel averred in his Application that he notified Carter of his request to withdraw, and advised him of his right to retain new counsel or raise any points that he might deem

4

worthy of consideration.[7]  Finally, Counsel served Carter with the *Turner* Letter and Application.

---

[7] The Concurring opinion would find that Counsel has failed to satisfy the technical requirements for withdrawal because he did not attach a copy of his statement to Carter advising him of his right to retain new counsel or raise any points that he might deem worthy of consideration.  However, Carter filed a pro se brief herein, thus, confirming that Counsel did indeed inform him of his right to do so.  *See* Carter's Br. at 7 ("In May 2024[,] this Court appointed the Public Defender's Office of Wayne County to represent [Carter] in the present appeal. [Counsel] entered a [Turner] letter and this pro se appeal brief now follows.").  Significantly, Carter does not mention this Court's Order in his "Statement of the Case." *Id*. at 5.

Further, "[a]n attorney's obligation to the court is one that is unique and must be discharged with candor and with great care.  The court and all parties before the court rely upon representations made by counsel." *Great Valley Sch. Dist. v. Zoning Hearing Bd. of E. Whiteland Twp.*, 863 A.2d 74, 79 (Pa. Cmwlth. 2004) (quoting *LaSalle Nat'l Bank v. First Connecticut Holding Grp., L.L.C. XXIII*, 287 F.3d 279, 293 (3d Cir. 2002), *appeal denied*, 876 A.2d 398 (Pa. 2005)).  The Majority has no reason to doubt that Counsel, "as an officer of the Court," has been anything other than candid regarding his communication with Carter. *Id*.

Moreover,

> because a separate statement is not a mandated requirement and, in the instant case, Counsel stated in his Application - which included a proof of service upon [Carter] . . . "[Counsel] has notified Petitioner of [Counsel's] request to withdraw, and advised Petitioner of his right to retain new counsel or raise any points that he might deem worthy of consideration as required by *Craig v. Pennsylvania Board of Probation [&] Parole*, . . . 502 A.2d 758 ([Pa. Cmwlth.] 1985)[,]" Application ¶ 3, the Majority properly concludes that Counsel satisfied the technical requirements for withdrawing from representation.

*Walker v. Pa. Parole Bd.* (Pa. Cmwlth. No. 492 C.D. 2023, filed Jan. 7, 2026), slip op. at 10.

Finally, this Court has an established practice of issuing an Order upon receipt of an application to withdraw, advising petitioners of their right to obtain counsel at their own expense or to file a brief on their own behalf, and mandating Counsel to serve the Order upon petitioners. Given this Court's practice, there is no legitimate fear that any petitioner whose counsel files an application to withdraw in this Court will not be aware that he "may proceed pro se, or by privately retained counsel, or not at all." *Turner*, 544 A.2d at 928.  The Majority emphasizes that this Court must be mindful and respectful of a public defender's time and resources and not create mandatory duplicative notification requirements.

Counsel identified the three issues raised in Carter's administrative appeal: (1) whether the revocation hearing was timely; (2) whether Carter was entitled to credit for presentence confinement time; and (3) whether the Federal Charges were an enumerated offense under Section 9714(g) of the Judicial Code "or an equivalent crime in another jurisdiction" as referenced therein, 42 Pa.C.S. § 9714(g), such that Carter should have forfeited his time at liberty on parole. Counsel adequately explained why the first two issues lack merit.

However, Counsel's discussion of Carter's third issue does not adequately examine and apply relevant case law to address if and why Carter's issue lacks merit. Specifically, the Pennsylvania Supreme Court has explained: "In determining whether a foreign state's statute is equivalent to a Pennsylvania crime under Section 9714 [of the Judicial Code], . . . the court must consider 'the elements of the foreign offense in terms of classification of the conduct proscribed, its definition of the offense, and the requirements for culpability.'" *Commonwealth v. Northrip*, 985 A.2d 734, 740 (Pa. 2009) (quoting *Commonwealth v. Shaw*, 744 A.2d 739, 743 (Pa. 2000) (citation omitted) (superseded by statute)). "Both [Section 9714 of the Judicial Code's] structure and its plain language demonstrate that for most crimes, the focus is not on the facts underlying a conviction, but rather on the statute that triggered the conviction. Section 9714 [of the Judicial Code's] reach is targeted and specific." *Northrip*, 985 A.2d at 741. In *Commonwealth v. Diaz*, 152 A.3d 1040 (Pa. Super. 2016), the Pennsylvania Superior Court (Superior Court) observed that a court must "**carefully review the elements of the foreign offense in terms of classification of the conduct proscribed**, **its definition of the offense**, the requirement for culpability," and determine if the offense "is **substantially identical in nature and definition** [to] the out-of-state or federal offense when compared [to the] Pennsylvania offense." *Id*. at 1048-49 (emphasis added) (quoting *Shaw*, 744 A.2d at 743).

6

Notwithstanding, in his *Turner* Letter, Counsel does not discuss the elements of either offense and makes the conclusory statement:

> Section 9714(g) [of the Judicial Code] allows for equivalency with any other like offense, state or federal. The term "equivalent" does not mean exact, and the definition of **the federal offense does not differ enough from the [Pennsylvania] offense of robbery to be distinct and separate for purposes of the statute**, thus making denial of credit time in this instance unavoidable.

*Turner* Letter at 3 (emphasis added). Yet, in *Diaz*, the Superior Court held: "[The defendant's] prior conviction of **interference with commerce by threats or violence** under Section 1951 [of the Federal Crimes Code] **is not an equivalent crime to robbery** under Section 3701(a)(1)(ii) [of the Crimes Code]." *Diaz*, 152 A.3d at 1052 (emphasis added). Because Counsel's *Turner* Letter does not explain how he reached a contrary result, this Court must deny Counsel's Application.

For all of the above reasons, Counsel's Application is denied without prejudice.

_____
ANNE E. COVEY, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darius Carter, :
              Petitioner :
               :
            v. :
               :
Pennsylvania Parole Board, : No. 404 C.D. 2024
              Respondent :

## O R D E R

AND NOW, this 20th day of April, 2026, Steven E. Burlein, Esquire's (Counsel) Application to Withdraw as Counsel is DENIED without prejudice. Counsel is directed to file, within 30 days, (1) a renewed application to withdraw and an amended no-merit letter that complies with *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), or (2) an advocate's brief.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darius Carter,  :
          Petitioner  :
            :
          v.  :
            :
Pennsylvania Parole Board,  :  No. 404 C.D. 2024
          Respondent  :  Submitted: July 7, 2025


BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


***OPINION NOT REPORTED***

**CONCURRING OPINION BY**
**JUDGE DUMAS**                    **FILED:  April 20, 2026**


Respectfully, I concur.  I agree with the majority's well-reasoned decision to deny the Application to Withdraw (Application) filed by Steven E. Burlein (Counsel) without prejudice because of Counsel's failure to comply with the substantive requirements of a proper *Turner* letter,[1] such that Counsel's discussion

---

[1] Initially, appointed counsel was required to file an *Anders* brief, which included a neutral presentation of the legal issues.  *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981), *abrogated on other grounds*, *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).  Later, the United States Supreme Court reasoned that the substantive *Anders* requirements did not apply where there was no constitutional right to counsel, *see Pennsylvania v. Finley*, 481 U.S. 551 (1987), and the Pennsylvania Supreme Court adopted a less stringent standard in which appointed counsel was required to provide a "no-merit" letter, "which details the nature and extent of the attorney's review and lists each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless."  *Zerby v. Shanon*, 964 A.2d 956, 959 (Pa. Cmwlth. 2009) (discussing *Commonwealth v. Turner*, 544 A.2d 928 (Pa. 1988)) (cleaned up).

of Carter's third issue fails to adequately analyze and apply the relevant case law to explain why the issue lacks merit.

I write separately to note that I would further find that Counsel has failed to satisfy the technical requirements for withdrawal. As outlined in my dissenting opinion in *Walker v. Pennsylvania Parole Board* (Pa. Cmwlth. No. 492 C.D. 2023, filed Jan. 7, 2026),[2] *before* any request to withdraw may be considered, appointed counsel must: (1) notify the client of his request to withdraw, (2) furnish the client with a copy of his no-merit letter, *and* (3) a statement advising his client of his right to retain new counsel or raise any points he may deem worthy of consideration in a *pro se* brief. *See, e.g.*, *White v. Pa. Bd. of Prob. & Parole*, 276 A.3d 1247, 1254 (Pa. Cmwlth. 2022); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009); *Craig v. Pa. Bd. of Prob. & Parole*, 502 A.2d 758 (Pa. Cmwlth. 1985).

In this case, Counsel has averred that he notified Carter of his request to withdraw and advised him of his right to retain counsel or raise any points that he might deem worthy of consideration. *See* Appl. to Withdraw as Counsel, 10/9/24. In my view, this is insufficient. Absent from this averment is any detail describing Counsel's notification or advice. Thus, the Court is left to guess: (1) when Counsel notified Carter that his claims were meritless and that Counsel would seek leave to withdraw; (2) the manner of Counsel's notification; and (3) the substance of Counsel's advice. Further, it has long been accepted that appointed counsel must promptly inform a client. *See, e.g.*, *Craig*, 502 A.2d at 760 ("[T]he prisoner must be given a reasonable opportunity to respond to that motion by securing substitute

---

[2] *See Walker v. Pa. Parole Bd.* (Pa. Cmwlth. No. 492 C.D. 2023, filed Jan. 7, 2026) (Dumas, J., dissenting) for a broad discussion of the technical requirements and the governing legal framework.

counsel or filing a *pro se* brief."). Here, however, the Court is left with the rather unsettling possibility that Carter did not learn of Counsel's intentions until Counsel had served the application and no-merit letter on Carter. Most importantly, Counsel has not attached a copy of his statement to Carter, and Counsel's bald averment lacks any objective evidence to support it.

For these reasons, I would deny without prejudice Counsel's application to withdraw and direct Counsel to either file an advocate's brief or to refile a no-merit letter that includes a proper discussion of the third issue, together with a renewed application to withdraw supported by attaching his statement to Carter.[3] *See Commonwealth v. Muzzy*, 141 A.3d 509, 511-12 (Pa. Super. 2016) (denying Post Conviction Relief Act[4] counsel's petition to withdraw because counsel's statement to appellant was deficient); *Commonwealth v. Millisock*, 873 A.2d 748, 751-52 (Pa. Super. 2005) (citing the procedural requirements adopted by *Anders* and *McClendon*, disapproving counsel's failure to attach to his petition a copy of his letter to client, and "opin[ing] that the prudent course is to require counsel henceforth to attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights");[5] *Commonwealth v. Koubidina*, 328 A.3d 520 (Pa. Super. 2024), 2024 WL 4275122, at *2 (disapproving PCRA counsel's incorporation of a statement of rights in counsel's no-merit letter and explicitly denying counsel's application to withdraw because counsel had failed to attach to her petition a copy of the letter purportedly sent to client outlining his rights).[6]

---

[3] To be clear, I do not question Counsel's sincerity; Counsel's averments speak for themselves.

[4] 42 Pa.C.S. §§ 9541-9546.

[5] Although decisions of the Superior Court are not binding on this Court, they may provide persuasive authority where they address analogous issues. *See Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018); 210 Pa. Code § 65.37.

[6] We can cite as persuasive unpublished decisions of the Superior Court filed after May 1, 2019. *See* Pa.R.A.P. 126(b); 210 Pa. Code § 69.414(a).

Nevertheless, I recognize that this Court has often accepted such averments from counsel. *See, e.g.*, *Moy v. Pa. Parole Bd.* (Pa. Cmwlth. No. 259 C.D. 2023, filed Sept. 18, 2024) (accepting counsel's bald averment that he had informed the petitioner of his rights); *Mills v. Pa. Parole Bd.* (Pa. Cmwlth. No. 255 C.D. 2023, filed April 10, 2024) (accepting counsel's averment detailing when and how counsel advised petitioner of his rights).[7]  Absent formally adopted guidance and notice that this Court will consistently evaluate the technical requirements imposed on appointed counsel before we will consider an application to withdraw, I acknowledge that the majority's disposition is consistent with this Court's current practice.

For these reasons, I concur.

_____
**LORI A. DUMAS, Judge**

---

[7] We can cite as persuasive unpublished decisions of this Court filed after January 15, 2008. *See* Pa.R.A.P. 126(b); 210 Pa. Code § 69.414(a).